JAMES M. BURT, EXECUTOR OF THE ESTATE OF THOMAS B. WALKER, DECEASED *v.* E. P. WILSON, ADMINIS- TRATOR OF THE ESTATE OF JAMES C. WILSON, DECEASED, *et als.*

TRUSTS, EITHER EXPRESS OR BY IMPLICATION OF LAW.—If two partners are embar- rassed with debts, and one executes a deed to the other, absolute on its face, with a consideration expressed, of both his individual property and interest in the partnership property, for the purpose of enabling the grantee to raise money by mortgaging the same to pay the firm debts, there is no express trust, nor does a trust arise by implication of law.

MISTAKE AS TO LEGAL EFFECT OF DEED.—If the language of a deed is the language intended to be used by the grantor, his mistake as to the legal effect of the lan- guage used will not afford him any ground for relief in equity.

WAIVER OF PROTECTION OF STATUTE OF FRAUDS.—If a defendant, sought to be charged as trustee on a contract within the Statute of Frauds, admits the contract in his answer, and does not claim the benefit of the statute, he is considered as waiving its protection; but if he claims the benefit of the statute in his answer, he is entitled to it.

VENDOR'S LIEN AS AGAINST ADMINISTRATOR OF GRANTEE.—If one sells land to another, and executes an absolute conveyance, and does not receive payment, the grantee holds the land in trust for the grantor to the extent of the purchase money, which trust descends to the representatives and heirs of the grantee, against whom a lien for the purchase money will be enforced.

COMPLAINT TO ENFORCE TRUSTS.—A claim to enforce an express or implied trust may be joined in a complaint with a claim to enforce a vendor's lien existing without any written contract.

APPEAL from the District Court, Second Judicial District, Butte County.

The plaintiff appealed from the judgment.

The other facts are stated in the opinion of the Court.

*J. E. N. Lewis,* for Appellant.

Conveyances without a consideration expressed in the instrument, create a resulting trust to the grantor.

The demurrer admits that the deed of January 6th, 1862, was without a consideration, and that the consideration ex- pressed therein was never paid, and was inserted through ignorance of the parties and misapprehension as to the effect of expressing a consideration where none was paid. Those admissions put the deed upon the same footing as if no con-

sideration had been expressed in the instrument. It is the payment of the consideration, though nominal, that creates the presumption that the grantee should have the use, and not the grantor. (Story's Eq. Juris., Secs. 1,196 to 1,200.)

' The ignorance of the law, in a manner and form charged in the complaints, amounts to a mistake of fact that would warrant a Court of equity in reforming the deed to the true intent and meaning of the parties. (1 Story's Eq., Sec. 115; Id., Secs. 121, 122, 136; *vide* Note to Sec. 122; *Hunt* v. *Rousmaniere, Adm'r*, 1 Peters Sup. C. R. 13, 17; *Hyde* v. *Tanner*, 1 Barb. S. C. R. 75; *Barnes* v. *Carnack*, 2 Barb. S. C. R. 392; *Taylor* v. *Fleet*, Id. 471; *Taylor* v. *Luther*, Sum. 133.)

Upon the showing that the trust should be established by some instrument in writing, signed by the party sought to be charged with it, or declared in the deed, the averments in the complaints as to how the proceeds of the ditch were shared, how the books in relation to the ditch property were kept, and how the ditch property was managed, and that Wilson, during his lifetime, acknowledged the trust, and that Walker never gave possession of the ranch, but remained in the possession thereof to and at the time of his death, are evidence enough in writing to bring the case within the provisions of the statute. (*Sanderson* v. *Jackson*, 2 Bos. Pull. 238; *Penniman* v. *Hartshorn*, 13 Mass. 87; also the principle enunciated in *Taylor* v. *Luther*, 2 Sum. 233.)

The statute excepts trusts "arising from or being extinguished by implication or operation of law." (Wood's Digest, Art. 395.) Our statute, like the English statute, does not prescribe any particular form or solemnity in writing, nor that the writing should be under seal. Hence, any writing sufficiently *evincive* of a trust, as a letter or other writing of a trustee stating the trust, or any language in writing clearly expressive of a trust, is sufficient. (Story's Eq. Juris., Sec. 972, and Note 2.)

In those cases where the deed expresses a consideration, when in truth and fact none was paid, and it was inserted by

80

fraud in fact, or by a mistake, or by a misapprehension of the parties as to the effect of the deed, and in such like cases, the Court will permit evidence to show that the deed was intended between the parties as a trust, and on proof of those facts, by intendment of law, a trust is created for the use and benefit of the grantor, subject to the mortgage given. (*Cripps* v. *Jee*, 4 Bro. Ch. R. 472; 7 U. S. Digest, p. 193, Sec. 108; 15 U. S. Digest, p. 203, Sec. 58; 11 U. S. Digest, p. 163, Sec. 36; 4 Kent, 306; *vide* Note 1, Sub. 12.)

On the hypothesis that it was a sale by deed absolute, the grantor is entitled to the consideration expressed in the deed. The defendants cannot hold the property and refuse to pay what they contend was the consideration of the deed, to wit: seventeen thousand dollars. If they ask equity, they must do equity. (*Leman* v. *Whitney*, 4 Russ. 422; *Squire* v. *Harder*, 1 Paige, 494; Story's Eq. Juris., Secs. 1,196 to 1,199; *Bruen* v. *Hone et al.*, 1 Barb. S. C. R. 586.)

The *cestui que trust* is seized of the freehold in contemplation of equity. The trust is regarded as the land, and the declaration of trust is the disposition of the land. (4 Kent, 1 Ed. 304.) A trust, in the general and enlarged sense, is a right on the part of the *cestui que trust* to receive the profits. Mr. Chief Justice Kent says that "the contrast between uses and estates at law were extremely striking. When uses were created before the statute of uses, there was a confidence that the feoffee would suffer the feoffor to take the profits, and that the feoffee, upon the request of the feoffor, or notice of his will, would execute the estate to the feoffor and his heirs, or according to his directions. When the direction was complied with it was essentially a conveyance by the feoffor, through his agent the feoffee." (4 Kent, 1 Ed. 292.) Trusts are now what uses were before the statute. (4 Kent, 1 Ed. 303.) A trust need not be created by writing, but must be evidenced by writing. (4 Kent, 1 Ed. 305, 306, and Note *b*, citing Lord Alvanley, 3 Vesey, 707; *Leman* v. *Whitney*, 4 Russell, 423; *Fisher* v. *Fields*, 10 Johns. 495; *Steeve* v. *Steeve*, 5 Johns. Ch. 1.)

*Hatch & McQuaid*, for Respondent.

There was no *express* trust, because there was no writing evidencing it. The Statute of Frauds of this State provides that "no estate or interest in lands, other than for leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same, or by his lawful agent thereunto authorized by writing." (Sec. 6, Act concerning fraudulent conveyances.) There can be no *express* trust without a writing, subscribed, etc. There was no *implied* trust, or such trust as results "by act or operation of law," because the deed from Walker to Wilson was absolute on its face and expressed a consideration. A trust may result by operation of law where no consideration is expressed in the deed. To constitute a trust there must either be no consideration expressed or some writing inconsistent with the fact that the deed is absolute. Walker, if living, would not be permitted to impeach his own deed, expressing a valuable consideration, nor can his representative do it. We refer the Court to *Russ* v. *Mebius*, 16 Cal. 350, and the cases there cited, as being conclusive upon this point.

The amendatory and supplementary complaint in the record makes the original complaint no stronger upon this trust question. It sets up ignorance of the law on Walker's part, which cannot be pleaded in this action. It also details certain facts as evidence of the trust. The pleading is bad, and might be stricken out. It does not in the least affect the case. The amendment, however, sets up a new cause of action. Taken with the original complaint there is an improper joinder of actions. The original complaint makes an action for the enforcement of a trust and the re-conveyance of real estate. The amendment makes an action for a money judgment against the administrator of Wilson, and for the enforcement of a

vendor's lien. It charges that the plaintiff's claim for seventeen thousand dollars, the amount of the purchase money, was duly presented to the administrator of Wilson, and by him rejected.

By the Court, SHAFTER, J.

This action was brought by Walker, in his lifetime, to compel the execution of a trust, or, alternatively, to enforce a vendor's lien.

The complaint alleges that on or about the 6th of January, 1862, Walker and J. C. Wilson were partners in business, and were about closing up their partnership affairs; that the firm was embarrassed with debts and that some of the creditors had commenced attachment suits against the firm; that by reason of the dissipated habits of Walker, and with a view to a more speedy liquidation of their debts, Walker executed to Wilson a deed, absolute on its face and expressing a consideration of seventeen thousand dollars, of a certain ranch, the same being the individual property of Walker; that the deed was, in fact, a trust, and was made solely for the purpose of enabling Wilson to raise money, by mortgaging the premises, to pay off the debts of the firm; and that, on the day of the execution of the deed, he borrowed several large sums for the benefit of the firm and secured the payment thereof by mortgages on the premises so conveyed to him by Walker. That Walker also, and by the same deed, conveyed to Wilson his interest in certain ditches belonging to the firm, for the purpose aforesaid, and that said ditches were included in the said mortgages. That the possession of the ranch remained with Walker after the deed, as before, and that he participated as before in the management of the ditch property. That Wilson, in his lifetime, never denied the trust; but, on the contrary, always admitted it. That the defendant, E. P. Wilson, his administrator and one of his heirs at law, admitted the trust in his answer first filed, but which he afterwards withdrew by the Court's leave. That the grantor and

grantee were intimate friends, and that the deed was given under a misapprehension as. to its legal effect. Under this aspect of the complaint the plaintiff prays that the administrator may be decreed to execute the trust by reconveying the property, subject to the aforesaid mortgages.

In a supplemental complaint, filed by leave of the Court and by the consent of the defendants, it is alleged as a further cause of action, that the aforesaid conveyance was in pursuance of a sale for the sum of seventeen thousand dollars, expressed in the deed; that the money is due and unpaid; that a claim for that amount was presented in due form to Wilson's administrator for allowance, June 21st, 1864, together with the evidence in support of a vendor's lien on the property embraced in the deed, and that the claim was rejected by the administrator on that day. On these allegations the plaintiff claims judgment for the seventeen thousand dollars and interest thereon from the date of the deed, and that the land conveyed may be sold and the avails applied to the liquidation of the debt and for other relief.

The complaint as amended was demurred to for want of facts, misjoinder of causes and for uncertainty and ambiguity. The demurrer was sustained by the Court, and the plaintiff declining to amend, judgment was entered dismissing the action.

First—The complaint not only fails to disclose an express trust but it appears affirmatively that there was none; and it sets forth no facts from which a trust would arise by implication of law. Nor can the complaint be sustained as a bill to reform the deed. However Walker may have mistaken the legal effect of its terms, there is no averment that the language of the deed is not the very language which he intended to use; and against the mistake of law alleged there can be no redress. The class of cases in which mistakes of that character are corrected in equity is very limited, and this is not brought within any recognized exception to the general rule, by the necessary averments. (1 Sto. Eq. Chap. 5; 4 Rus. 424; 16 Cal. 351.)

The position that the trust is rescued from the operation of the Statute of Frauds by the allegation that the answer first filed by the administrator admitted the trust, is not tenable for a number of reasons, only one of which, however, need be specified here. If a defendant sought to be charged upon a contract within the Statute of Frauds, admits the contract in his answer and does not claim the benefit of the statute, he is considered as waiving its protection and as furnishing by his answer the very proof which the statute requires. But if the admission is coupled with a claim to the protection of the statute, the rights of the party stand as though the admission had not been made. (2 Story's Eq. Jud. Sec. 757.) While the complaint in this case avers the admission, it fails to fill or complete the legal proposition by an averment that the statute was waived as a defense by an omission to assert it in the answer.

Second—Under the second aspect in which the general transaction is presented in the complaint, the plaintiff is entitled to relief.

If, as the supplemental complaint alleges, Walker sold the land to Wilson for seventeen thousand dollars, and the purchase money has not been paid, then the plaintiff is a creditor of Wilson's estate to that amount, and on general principles has a lien on the land sold as security for the debt. (*Leman* v. *Whitney*, 4 Rus. 427.) To that extent Wilson in his lifetime held the land in trust for his vendor; and the trust has descended to his representative and heirs. The principle upon which Courts of equity proceed in establishing this lien is, that a person who has gotten the estate of another ought not in conscience, as between them, to keep it and not pay the full consideration money. (*Cahoon* v. *Robinson*, 6 Cal. 226; *Sparks* v. *Hess*, 15 Cal. 192.) Nor do we understand that these principles are disputed by the respondents; but they insist, first, that the claim in question is improperly joined in the complaint with the claim based upon the alleged trust; and second, that the money claimed and the lien as collateral thereto are barred on the ground " that more than ten months

had elapsed after the appointment and qualification of the defendant, E. P. Wilson, as administrator of J. C. Wilson, and after the first publication of notice by said administrator to the creditors of said estate, requiring them to present their claims to said administrator for allowance, before the claim was in fact presented."

There is no misjoinder of causes. Both of the claims stated in the complaint are founded on trusts—one lying in contract and the other arising by act and operation of law. (Practice Act, Sec. 64.) And as to the second objection, it is sufficient to say that it does not appear, from the complaint, when the notice to creditors was first published; nor, in fact, that any publication has been made or ordered.

The objection that there can be no recovery of the seventeen thousand dollars, and no enforcement of the vendor's lien as collateral thereto, until the affairs of the partnership shall have been adjusted, is not well taken. The supplemental complaint treats the sale and conveyance of the land by Walker to Wilson as a matter having no connection with the business of the partnership, and as being, in short, what it purports to have been by the terms of the deed—a transaction between the two men, each acting for himself alone.

The judgment is reversed and cause remanded. And it is ordered that the defendants have twenty days to answer from the time notice shall have been given them of the filing of the remittitur.