ALBERT MORRALL v. THOMAS W. WATERSON.,

DEED, *Absolute on its face—Effect of, in absence of Fraud, Accident, or Mistake.* In the absence of fraud, mistake or accident, the grantor, in an absolute conveyance reciting a valuable consideration and acknowledging its receipt, and where it is admitted a valuable consideration was actually received, cannot show a parol agreement that the grantee was to hold the land conveyed in trust for his benefit.

*Error from Marshall District Court.*

In 1860 the plaintiff in error was the owner of real estate in Marshall county, Kansas. In that year a judgment was rendered against him in the district court of that county, in favor of Humphreys, Terry & Co., which in May, 1863, was assigned to defendants T. W. Waterson and Nannie Edwards. On Sept. 4th, 1861, plaintiff executed a warranty deed of his real estate to said Waterson; which recited a consideration received of fifty

dollars, and that it was made subject to judgments. Oc-
tober 27th, 1866, plaintiff brought his action in the court
below to obtain a reconveyance, alleging, " that the actual
" consideration by said Waterson paid to this plaintiff
" for said lands and the deed aforesaid was the written
" instrument of said Waterson, by him signed, which in-
" strument was in the following words and figures, to-wit:

" $5.00.    *Marysville, Marshall county, Kansas, Sept.* 4th,
" 1861.    On demand, I promise to pay to Albert Morrall,
" and him only, the sum of five dollars for value received."
(Signed)            " THOMAS W. WATERSON."

" And plaintiff shows that said Waterson has not paid
" said five dollars, nor any part thereof; and plaintiff
" shows that at the time of making said deed this plain-
" tiff was going temporarily out of this State on business,
" and wishing to leave his business in the hands of an
" agent, who could if necessary settle up all the business
" of this plaintiff in his absence, he solicited said Water-
" son to become this plaintiff's said agent, to which said
" Waterson consented; and in order to enable said
" Waterson to sell said lands, and deed the same when
" so directed by this plaintiff, this plaintiff made and de-
" livered said deed to said Waterson, thereby intending
" and constituting said Waterson the trustee of this
" plaintiff, to hold said lands and convey them as directed
" and required by the plaintiff herein, and to reconvey to
" the said plaintiff herein when required so to do by the
" plaintiff herein; and until so sold by said Waterson,
" by direction of the plaintiff herein, or reconveyed to
" this plaintiff, to act as plaintiff's agent and trustee, in
" looking to and caring for and paying taxes on said
" lands, to all of which said Waterson consented and
" agreed so to do." There were other allegations, of
tender of amount due on judgment, of amount paid for

taxes, etc., of a demand for reconveyance, etc., but they are not material to the question determined.

Separate answers were filed by defendants Waterson and Edwards, setting up various defenses. All of these were put in issue by plaintiff's replies. On trial before a jury, plaintiff tendered parol evidence " that at the time of making, executing and delivering the deed from plaintiff to Waterson, in the petition mentioned, it was expressly stipulated and agreed between said parties that said deed should only operate as a trust deed, whereby defendant Waterson was to hold said lands in trust for the benefit of plaintiff; and thereupon defendants objected to the introduction of any parol evidence tending to prove that said deed was intended as other than an absolute conveyance in fee simple," which objection was sustained, and plaintiff excepted. No other testimony being offered, the verdict and judgment were for the defendants; and plaintiff brings the case here by petition in error for review.

*Horton & Waggener*, for plaintiff in error :

1. The evidence that the deed from Morrall to Waterson, though absolute in terms, was given in trust or as a mortgage for the plaintiff's benefit, was improperly rejected.

Parol evidence is admissible to show that a deed, absolute in its terms, was intended by the parties as a mortgage, or security for the payment of money merely. *Van Buren v. Olmsted*, 5 Paige, 10 ; *Hodges v. Tenn. M. and F. Ins. Co.*, 4 Selden, 416 ; 14 Illinois, 431 ; 2 Sumner, 233 ; 1 How., 126.

2. Again, parol evidence should have been admitted on the part of the plaintiff, to show facts *dehors* the instrument, creating an equity superior to its terms. This

would not have been contradicting or varying the written instrument. This rule prevails in the admission of parol evidence in equity to establish resulting or implied trusts. If Morrall had purchased, with his own money, the property mentioned in the deed to Waterson, and had the conveyance made to Waterson, in his own name, a trust in favor of Morrall would have resulted by implication of law, without any agreement on the part of Waterson, and such a trust could be proved by parol evidence, even in the absence of fraud, and against the positive denial of Waterson. 1 Greenl. on Ev., § 365; 1 Johns. Ch. 582.

" When a conveyance for a valuable consideration is made to one person, and the consideration therefor paid by another, no use or trust shall result in favor of the latter, but the title shall vest in the former, subject to the provisions of the next two sections." Section 6, ch. 114, Gen. Stat., p. 1097; and see also §§ 7 and 8, same chapter.

*Shannon & Brumbaugh*, for defendants in error:

1. The court below did not err in ruling out the parol evidence. Sec. 5 of the Statute of Frauds, (Comp. Laws of 1862, p. 569,) provides among other things that no action shall be brought upon any contract for the sale of lands,. tenements or hereditaments, or any interest in, or concerning them, unless the agreement upon which such action shall be brought or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized.

Section 1 of the act concerning Trusts and Powers, (Comp. Laws of 1862, p. 897,) was in force when the deed in question was executed, and it provides that no trust concerning lands, except such as may arise *by implication of law*, shall be created, unless in writing, signed

by the party creating the same or by his attorney thereto lawfully authorized in writing. Sections 6, 7, and 8 of this act point out the cases in which "resulting trusts" may be established and in whose favor they arise "by implication of law," without being expressed in writing. These sections having defined in what cases trusts by implication of law may arise without being in writing, it follows that all other implied trusts are excluded.

2. The conveyance to this case was a deed of bargain and sale expressed to be for a pecuniary consideration, and absolute on its face. No fraud, surprise, or mistake is alleged; and it cannot be rebutted except *parol evidence* is received to prove and establish an entirely different contract from the one evidenced by the deed or writing. To allow this to be done would be to repeal the above statutes, and to render uncertain the title of every man in the State to real estate. *Stevens v. Cooper*, 1 Johns. Ch., 425; *Moran v. Hays*, id., 340, 343; *Rasdall v. Rasdall*, 9 Wis., 379; *Thomas v. McCormick*, 9 Dana, 108; *Lord Irnham v. Child*, 1 Brown Ch. Cas., 92; 2 Lead. Cas. in Eq., 673; 13 Grattan, 705; Harris and Johns., 252, 422; 9 Md., 356.

The opinion of the court was delivered by

BREWER, J. : The petition disclosed a regular warranty deed, conveying the real estate subject to certain judg- ments, in consideration of fifty dollars, the receipt where- of was acknowledged. The petition further disclosed that a valuable consideration was given by defendant, though not the consideration of fifty dollars named in the deed. That the promissory note had not been paid fails to render it no consideration. A promise to pay is, in contemplation of law, a thing of value, and good con-

sideration for contract or conveyance, even though the promissor be insolvent and never performs the promise. There is no fraud, mistake, or accident, alleged in the execution of the deed. On the contrary, it plainly appears that the parties to this conveyance knew its contents, and intended that it should be executed in the form it was.

The allegation of the petition is, " that at the time of "making said deed, the plaintiff was' going temporarily " out of the State of Kansas, on business, and wishing to " leave his business in the hands of an agent, *who could if* " *necessary settle up all the business of plaintiff, in his absence,* " he solicited said Waterson to become and act as his " agent, to which Waterson consented, and in order to " enable Waterson *to sell said real estate and deed the* " *same,* when so directed by plaintiff, *plaintiff executed and* " *delivered said deed* to said defendant Waterson, thereby " intending and constituting said Waterson agent and " trustee of plaintiff, * * * and to *reconvey said lands on de-* " *mand to plaintiff.*" The offer of the plaintiff was not to show any fraud, accident, or mistake in the execution of the deed, but that at the time of the execution, there was a parol agreement that this absolute conveyance should only operate as a trust deed. We are not shown by the record what testimony was offered, but only what was proposed to be proved.

This limits the extent of our inquiry, which, from the offer and the petition is simply this : As between grantor and grantee, can the grantor, in the absence of fraud, accident, or mistake in the execution of an absolute deed, show that there was a parol agreement that such conveyance should only operate as a trust deed? Beyond the question thus presented, we care not to inquire. But for the volume of authorities which hold that in equity

an absolute deed may between the parties be shown by parol to have been intended simply as a mortgage, there would be little difficulty in answering this question. The plaintiff seeks to show the creation by parol of an express trust concerning lands. Section 1 of the act " concerning trusts and powers," in force at the time of this conveyance, and ever since, reads: "No trust concern-"ing lands, except such as may arise by implication of "law, shall be created, unless in writing, signed by "the party creating the same, or by his attorney thereto "lawfully authorized in writing." Could language more plainly forbid the creation by parol of an express trust concerning lands? Yet that is what this plaintiff sought to do. His offer was to show a parol agreement that his grantee should hold these lands in trust for him.

Sections 6, 7, and 8, of the same act, cited by counsel for plaintiff, are inapplicable. Section 6, upon which the other two sections are based, and which therefore shows what cases are referred to in the three, reads: "When "a conveyance for a valuable consideration is made to "one person, and the consideration therefor paid by an-"other, no use or trust shall result in favor of the latter; "but the title shall vest in the former, subject to the pro-"visions of the next two sections."

This section does not apply to cases like the present, where the whole transaction, including conveyance, consideration, agreement, and everything else, is between the grantor and grantee alone, but to those cases in which the grantee takes from the grantor a conveyance whose consideration is paid by a third party. In *Rasdall's Adm'rs v. Rasdall*, 9 Wis., 384, which is a very clear and strong case, the court says: "We do not feel called upon to cite authorities, to show that in the absence of fraud, accident, or mistake, parol evidence cannot be re-

·ceived to prove that a deed absolute on its face, was given in trust for the benefit of the grantor, and we have not been able to find anything in this case to make it an ex-·ception. We cannot see why, if this evidence is to be received to establish this trust, every other deed in the State may not be shown by parol to have been given ·upon trust, and the statute of frauds be entirely annulled."

In *Beach v. Packard*, 10 Ver., 100, this language is ·used : " Parol evidence cannot be admitted to vary, con-tradict, add to, or control a deed or written contract. The deed of bargain and sale between these parties had for its object the conveyance of certain land; and the extent of the land so conveyed, the parties thereto, the estate conveyed thereby, and the covenants attending it ·could not be affected by parol proof; and even that part ·which relates to the consideration or the payment thereof, could not be contradicted or varied by parol, so as in any way to affect the purpose of the deed, that is, its opera-tion as a conveyance."

Hill on Trustees, (page 112,) says : "When the convey-ance is expressed in the deed to be for a valuable consid-·eration, parol evidence cannot be received for the pur-pose of showing that the purchaser was intended to be merely a trustee for the vendor."

In 2 Leading Cases in Equity, p. 705, after quoting from the decision in 2 Sumner, 228, the editor says : " This language approaches, if it does not reach, the full extent of the proposition that parol evidence is admissible, not only for the purpose of proving fraud or mistake, and thus varying or avoiding the effect of a deed or writing, but for that of adding a stipulation to the instrument in the first instance and then founding an inferential charge ·of fraud or breach of trust on the failure to fulfill it. If this can be done, the salutary restraints imposed by the

rule of evidence laid down in *Lord Irnham v. Child*, and by the Statute of Frauds, are obviously at an end."

In *Johnston v. LaMotte*, 6 Rich. Eq., 347, the court hold this language: "The fraud insisted on, consists merely in the nonfullfillment of the alleged agreement, and depends of course entirely on the question whether there was in fact an agreement to be performed, and that preliminary fact the statute will not allow to be established by parol." See also sustaining these views: 5 Dutcher, 36; 16 Cal., 350; 28 Cal., 632.

Our conclusion then is, that in the absence of fraud, mistake, or accident, the grantor in an absolute conveyance, reciting a valuable consideration, and acknowledging its receipt, and where it is admitted a valuable consideration was actually received, cannot show a parol agreement that the grantee was to hold the lands conveyed in trust for his benefit. The judgment of the district court must be affirmed.

All the Justices concurring.