98            LAWSON v. LAWSON et al.

JOHN LAWSON

v.

LOUIS LAWSON et al.

*Filed at Ottawa May 15, 1886.*

1. STATUTE OF FRAUDS—*trust resting in parol.* A party who conveys land by a deed absolute in form, can not show by parol evidence that the conveyance was in fact in trust for certain purposes, or for his benefit, when the Statute of Frauds is interposed.

2. TRUST—*of the character of interest required.* Before a party can have a deed set aside and a trust declared in his favor, he must, by proper evidence, show that he has an equitable interest in the land which a court of equity will recognize and enforce.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

Mr. WILLIAM H. SISSON, and Mr. C. F. GOODING, for the appellant.

Messrs. ROSENTHAL & PENCE, for the appellees.

Mr. CHIEF JUSTICE MULKEY delivered the opinion of the Court:

This was a suit in equity, brought in the circuit court of Cook county, by John Lawson, against his two sons, Louis and Peter, as heirs of Ann Lawson, their deceased mother, to recover certain real estate alleged to be held in trust by the defendants for the complainant. The court below, on the hearing, entered a decree dismissing the bill for want of equity, and the present appeal is from that decree.

The case made by the bill is, in substance, this: The record of the title to the property was destroyed by fire in 1873. After this fire and during that year, the complainant, being the undisputed owner in fee of the premises, conveyed the same in trust to Henry S. Dietrich, to have the record restored and

title perfected by a suit to be brought by him under the Burnt Records act, and upon the further trust to reconvey said premises on request. In May, 1877, Dietrich conveyed the property to one Rose, who, in February, 1879, conveyed to Wesley Sisson. All of these conveyances were made without consideration and in trust, to hold for the use of complainant. In the fall of 1879 complainant directed his attorney to prepare and cause to be executed a deed by Wesley Sisson to his wife, Ann Lawson, conveying the property to her upon the condition that if she should survive complainant the title was to become absolute in her, but that if complainant survived her, then the title was to revert to him and his heirs, free from the claims of the heirs of his wife. In September, 1879, Sisson, on his own motion, and without the knowledge or consent of complainant, conveyed the property by warranty deed to Ann Lawson, the same being made without any consideration whatever. In January, 1882, Ann Lawson died intestate, leaving four children, two of whom voluntarily conveyed to the complainant their interest in the land, but the appellees declined to do so, whereupon this suit was brought. The appellees, by their answer, set up and rely upon the Statute of Frauds as a defence.

That the case made by the bill is one which, if true, appeals strongly to a court of equity, can not admit of a doubt. But like all others where the facts charged and out of which the equities arise, are not admitted, the complainant, to succeed, is bound to prove them in the manner prescribed by law. There is no feature about the case in hand taking it out of this general rule. Before complainant can attack the conveyance made by Sisson to his wife, he must show that he has an equitable interest in it which a court of equity will recognize and enforce. It is admitted, or, rather, expressly charged, in the bill, that complainant, in 1879, made a conveyance of the property to Dietrich. As that deed is not set out in the record, and no claim is made to the contrary, we must assume it was

in form an absolute deed.    It is true, he also charges in his
bill, as already seen, that the conveyance was made upon
certain express trusts, which, if proved, would show that he
still has an interest in the land.    But the question is, has
this charge in the bill been established by legitimate proof?
It is not pretended it is evidenced by any writing, as required
by the 9th section of the Statute of Frauds.    That section
having been interposed and relied on as a defence, it follows
that in the absence of such proof the appellant does not
appear to have any interest in the property sought to be recov-
ered, and hence the court properly dismissed the bill.    *Hovey*
v. *Holcomb*, 11 Ill. 660; *Lantry* v. *Lantry*, 51 id. 458; *Rogers*
v. *Simmons*, 55 id. 76.

Under the pleadings and proofs we think the decree was
right, and it will therefore be affirmed.

*Decree affirmed.*