[No. 11567.  Department One. — July 1, 1889.]

MICHAEL FEENEY, RESPONDENT, v. JAMES HOW-
ARD, APPELLANT.

STATUTE OF FRAUDS — DEED — PAROL AGREEMENT. — A deed cannot be
avoided by evidence of a parol agreement to hold in trust unless the
case falls within some recognized exception to operation of the statute
of frauds.

ID. — ACTUAL FRAUD — PLEADING. — A fraudulent intent is one of the facts
constituting actual fraud, and must be alleged. The mere failure to
perform an agreement made in good faith is not of itself fraud.

CONSTRUCTIVE FRAUD — FIDUCIARY RELATION — PLEADING. — In order to
make a case of constructive fraud, arising out of the violation of a fidu-
ciary relation, the plaintiff must allege the existence of such relation.

RESULTING TRUST — RECITAL OF CONSIDERATION. — If the old rule that a
trust results to the grantor where no consideration is expressed in a deed
or proved *aliunde* still prevails in this state, it does not apply where the
deed recites a consideration. Such a recital cannot be contradicted for
the purpose of defeating the operation of the deed or raising a resulting
trust.

PART PERFORMANCE. — Acts which the deed gives the grantee a right to do,
and which are done under the deed, do not make a case of part perform-
ance of an oral agreement for a trust.

STATUTE OF FRAUDS — PLEADING BY DEFENDANT. — If the plaintiff relies
upon a contract within the statute of frauds, a denial of the contract is
sufficient to raise the question of its validity under the statute.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
refusing a new trial.

The facts are stated in the opinion.

*R. Percy Wright*, for Appellant.

Parol evidence was inadmissible to establish the ex-
press trust alleged in the complaint. (*Sturtevant* v.
*Sturtevant*, 20 N. Y. 39; 75 Am. Dec. 371; *Wolf* v. *Corby*,
30 Md. 356; *Patton* v. *Beecher*, 62 Ala. 579; *Dean* v. *Dean*,
6 Conn. 284; *Walker* v. *Locke*, 5 Cush. 90; *Leman* v.
*Whitley*, 4 Russ. 425; Code Civ. Proc., sec. 1971.) Parol
evidence was inadmissible to contradict the recitals in
the deeds, for the purpose of establishing a trust, or for

the purpose of showing that no beneficial interest passed by the deeds, and thereby changing and defeating the effect of them. (*Russ* v. *Mebius*, 16 Cal. 350; *Peck* v. *Vandenberg*, 30 Cal. 36.) The defendant by failing to specially plead the defense of the statute of frauds did not waive it. The denial of the allegations in the complaint respecting the trust made it incumbent on the plaintiff to prove them by legal evidence. (Bliss on Code Pleading, 353; Browne on Statute of Frauds, sec. 511.)

*J. C. Bates*, and *Clara S. Foltz*, for Respondent.

The defendant waived the defense of the statute of frauds by failing to plead it. (*Burt* v. *Wilson*, 28 Cal. 632; 87 Am. Dec. 142; *Osborn* v. *Endicott*, 6 Cal. 153; 65 Am. Dec. 498; Pomeroy's Specific Performance of Contracts, secs. 140, 141; *Jones* v. *Lloyd*, 117 Ill. 601.) There was a sufficient part performance of the agreement to hold in trust to take the case out of the statute. (*Redfield* v. *Holland P. Ins. Co.*, 56 N. Y. 357; *McCarthy* v. *Pope*, 52 Cal. 561.)

HAYNE, C.—Suit to declare a trust. The material facts are as follows: One Catherine Feeney and the plaintiff, Michael Feeney, were tenants in common of a certain tract of land. She died, and Michael Feeney was appointed her administrator. He made two deeds to the defendant, Howard, which were dated on the same day, and purported to convey the same property, and recited a valuable consideration. One of these deeds was made by Michael Feeney, as administrator of Catherine Feeney, and the other by him in his individual capacity. Howard subsequently conveyed the property to trustees to secure a debt to the San Francisco Savings Union, and this debt not having been paid, the trustees sold the property, and after satisfying said debt, have a certain balance in their hands, which they are ready to pay to

the person entitled thereto. The controversy relates to this balance. Michael Feeney, in his lifetime, commenced the present suit in his own name (not as administrator) to have it declared that he was entitled to said balance. On the trial, he introduced in evidence the deeds above mentioned, and then offered parol evidence to prove that they were without consideration, and that the property was conveyed to Howard upon certain trusts, and was to be reconveyed on request. Howard objected on the ground of the statute of frauds. The parol evidence was admitted against such objection, to which Howard excepted; and judgment was given for the plaintiff, from which, and from an order denying a motion for a new trial, the appeal is taken. Subsequently to the appeal, Michael Feeney died, and his administrator was substituted.

It is to be observed that since Michael Feeney did not sue as administrator, no question as to the rights of the estate is involved. His deed as administrator may therefore be dismissed from consideration. The question to be determined is, whether, as between Michael Feeney and his grantee, a trust can be established in the manner attempted.

1. Unless the case can be brought within some one of the exceptions hereinafter noticed, we think that it is clear that the statute of frauds is a defense to the action, and that the parol evidence was improperly admitted. If a trust could be raised in such a way, what operation could the statute of frauds ever have? The authorities are overwhelming to this effect.

In the case of *Rasdell* v. *Rasdell*, 9 Wis. 379, the ancestor of the plaintiff conveyed certain real property to the defendant; and it was sought to be shown that the transfer was without consideration, and upon a parol agreement to reconvey upon request. But the court held that this could not be done; and Paine, J., delivering the opinion, said: "We do not feel called upon to cite

authorities to show that in the absence of fraud, accident, or mistake, parol evidence cannot be received to prove that a deed absolute on its face was given in trust for the benefit of the grantor; and we have not been able to find anything in the case to make it an exception.  We cannot see why, if this evidence is to be received to establish this trust, every other deed in the state may not be shown by parol to have been given upon trust, and the statute of frauds be entirely annulled."  And there are numerous authorities to the same effect.  (See *Barr* v. *O'Donnell*, 76 Cal. 469; *Sturtevant* v. *Sturtevant*, 20 N. Y. 30; 75 Am. Dec. 371; *Wheeler* v. *Reynolds*, 66 N. Y. 227; *Titcomb* v. *Morrill*, 10 Allen, 15; *Ratcliffe* v. *Ellis*, 2 Iowa, 59; *Foutz* v. *Foutz*, 34 Ind. 33; *Perry* v. *McHenry*, 13 Ill. 227; *Burden* v. *Sheridan*, 36 Iowa, 125; 14 Am. Rep. 505; *Morrall* v. *Watterson*, 7 Kan. 199; *Lawson* v. *Lawson*, 117 Ill. 98; *Dean* v. *Dean*, 6 Conn. 284; *Walker* v. *Locke*, 6 Cush. 90; *Boyd* v. *Stone*, 11 Mass. 342; *Metcalf* v. *Brandon*, 58 Miss. 842; *Benham* v. *Craig*, 80 N. C. 224; *Donohue* v. *Mariposa Co.*, 66 Cal. 327.)  In some of these instances the case might possibly have been taken out of the statute, on the ground of a fiduciary relation, but that feature did not receive attention.

Then, can the case be brought within any of the recognized exceptions to the above general rule?  We do not think that it can.

(*a*) The counsel for the defendant is in error when he contends that the case presents features of actual or constructive fraud.  No actual fraud was alleged.  A material ingredient of actual fraud is the fraudulent intent, and this must be alleged as one of the facts constituting the fraud.  (*Moss* v. *Riddle*, 5 Cranch, 351.)  And if it be assumed, for the purposes of the opinion, that there may be cases where a fraudulent intent would necessarily be inferred from the allegation of certain facts, and that a sale by an administrator without consideration

would be such a case, yet this would not help the respondent in this regard; for, as above stated, neither the right of the estate nor the administrator's deed is involved here. No actual fraud is alleged, found, or shown by the evidence. For all that appears to the contrary, Michael Feeney's deed may have been given and received in entire good faith. The mere failure to perform a parol agreement which was made in good faith is not fraud. (*Lawrence* v. *Gayetty*, 78 Cal. 131; *Perry* v. *McHenry*, 13 Ill. 236; *Wheeler* v. *Reynolds*, 66 N. Y. 234; *Burden* v. *Sheridan*, 36 Iowa, 125; 14 Am. Rep. 505; *Boyd* v. *Stone*, 11 Mass. 348; *Rasdell* v. *Rasdell*, 9 Wis. 386, 387.)

Nor does any constructive fraud appear. It is true that it was held in *Brison* v. *Brison*, 75 Cal. 525, that if by means of a parol promise to reconvey a party obtains an absolute deed without consideration from one to whom he stands in a fiduciary relation, the violation of the promise is constructive fraud, although at the time of the promise there was no intention not to perform. And this case was approved in *Broder* v. *Conklin*, 77 Cal. 330. But it is essential to the operation of this principle that there be a fiduciary relation. It is one of the facts constituting the fraud. The facts constituting fraud must be averred in cases of constructive as well as of actual fraud. (*Golson* v. *Dunlap*, 73 Cal. 164.) And in this case no fiduciary relation is averred. The counsel for the respondent suggests in his brief that the defendant was the son-in-law of the plaintiff, and reposed personal confidence in him. But if it be assumed that this would make a difference, it is sufficient to say that it nowhere appears in the record that defendant was the son-in-law of the plaintiff, and that nothing in relation to actual trust or confidence is averred in the complaint. We are not saying that a trust might or might not arise out of the violation of actual trust and confidence independent of any fiduci-

LXXIX. CAL.—34

ary relation. We simply say that no such question can arise under the pleadings in this case.

(b) There was not a resulting trust. It is not necessary to consider whether the old rule that a trust results where a deed is made without consideration, either expressed in the deed or proved *aliunde,* prevails at present (compare Civ. Code, sec. 1040); for the deed recited a consideration. And although there are certain collateral purposes for which such a recital can be contradicted, it cannot, in the absence of fraud or mistake, be contradicted between the parties for the purpose of defeating the operation of the instrument or raising a trust. (*Russ* v. *Mebius,* 16 Cal. 356; *Graves* v. *Graves,* 29 N. H. 129; *Philbrooke* v. *Deland,* 16 Me. 412, 413.)

(c) The position that there was part performance sufficient to take the case out of the statute cannot be sustained. Whatever was done by Howard the deed gave him a right to do. And to say that the deed itself, or what was done under it, is part performance, is merely to reassert in another form that the parol agreement was sufficient to raise the trust. (Compare *Alderson* v. *Madison,* L. R. 7 Q. B. Div. 178; 8 App. Cas. 467.)

It is not pretended that the transaction was a mortgage, nor is any other ground suggested which would constitute an exception to the general rule. We have carefully examined the numerous cases in our reports bearing upon the subject, and find that all proceed upon some recognized exception, and that none conflict with the rule above laid down.

2. The statute of frauds, however, was not pleaded. The defendant simply denied the alleged agreement and trust, but made no reference to the statute. And it is contended for the respondent that the statute was therefore waived, and that the appellant is not in a position to avail himself of it. As there has been some confusion on this subject, we have examined it with some care.

The notion that the statute must be specially pleaded

is derived from the old chancery practice.   In the English court of chancery the usual course was to plead the statute specially.   The function of pleadings in chancery, however, was somewhat different from that of pleadings at law.   In the language of Story, "a bill in chancery is not only a pleading for the purpose of bringing before the court and putting in issue the material allegations and charges upon which the plaintiff's right to relief rests, but it is also in most cases an examination of the defendant upon oath for the purpose of obtaining evidence to establish the plaintiff's case, or to counterprove or destroy the defense which may be set up by such defendant in his answer."   (Story's Eq. Pl., sec. 268.)   If in response to such a bill the defendant confessed the making of a parol agreement, but pleaded the statute as a bar to relief, the defense was good.   (2 Story's Eq. Jur., sec. 757.)   But if he confessed the parol agreement and did not insist upon the statute, he was regarded as having waived it. (2 Story's Eq. Jur., sec. 755.)   But it was not necessary for the defendant to confess the agreement.   It became settled, after some conflict of opinion, that he could plead the statute as a bar to the discovery of the parol agreement as well as to its performance. (Story's Eq. Pl., sec. 763.)   And inasmuch as a denial of the agreement would subject him to a conviction of perjury (See 1 Sugden on Vendors, 7th Am. ed., p. 158, c. 4, sec. 6, par. 12), it was natural that the usual course was to plead the statute as a bar to both discovery and relief. But it is not entirely clear whether a denial of the contract without pleading the statute was sufficient to enable the party to take the objection at the hearing.   That it was, is distinctly stated by Lord Cranworth in *Ridgway* v. *Wharton*, 3 De Gex, M. & G. 689; and compare *Fell* v. *Chamberlain*, 2 Dickens, 484, and Sugden on Vendors, *supra*.   But this case is somewhat discredited by *Heys* v. *Astley*, 4 De Gex, J. & S. 34.

At law it is clear that the denial of the contract was

sufficient to let in the defense. (*Buttemere* v. *Hayes*, 5 Mees. & W. 461; *Eastwood* v. *Kenyon*, 11 Ad. & E. 445.) And this was not put upon any distinction between cases where the plaintiff declared specially and cases where he resorted to the common counts. The defendant, however, was at liberty to plead the statute specially if he saw fit to do so. (1 Chitty on Pleading, *528.) The rule that it was sufficient at law to deny the contract seems to have continued in force until the new judicature acts, by which it was expressly provided that "when a contract is alleged in any pleading, a bare denial of the contract by the opposite party shall be construed only as a denial of the making of the contract in fact, and not of its legality or its sufficiency in law, whether with reference to the statute of frauds or otherwise." (See Andrews and Stoney's Judicature Acts, 4th ed., p. 197.)

The common-law rule that it was sufficient to deny the contract has been sanctioned in America by high authority. Thus in *Dunphy* v. *Ryan*, 116 U. S. 495, which went up from Montana, the defendant in an action at law set up a counterclaim or cross-action based upon an agreement which was not alleged to be in writing, and the plaintiff filed a replication denying such contract, and it was held that this was sufficient to raise the question, the court saying: "The denial in the replication of the plaintiff of the making of the contract, on which the defendant based his cross-action, is as effective for letting in the defense of the statute of frauds as if the statute had been specifically pleaded." (See also *Birchell* v. *Neaster*, 36 Ohio St. 331.) And even in states where the chancery rule that the statute must be specially pleaded seems to prevail, it has been held that so far as the common counts are concerned it is sufficient to plead the general issue. (*Durant* v. *Rogers*, 71 Ill. 124; and see also *Hunter* v. *Randol*, 62 Me. 426; 16 Am. Rep. 490; *Boston Duck Co.* v. *Dewey*, 6 Gray, 446.)

In New York, where the phraseology of the statute of

frauds is similar to ours, the common-law rule of plead-
ing is applied even in equity. This view was announced
in *Cozine* v. *Graham*, 2 Paige, 181. That case arose on
a demurrer to a complaint which did not show whether
the contract was in writing or not. The demurrer was
overruled upon the ground that the contract must be pre-
sumed on demurrer to have been in writing. But Chan-
cellor Walworth, in the course of his opinion, said: "The
rule of pleading on this subject is well settled in the courts
of law, and I do not see why the principle of that rule is
not applicable to this court. It is there held that the
statute did not alter the form of pleading; that if an
agreement or contract is stated in the declaration to have
been made, it is not necessary to allege that it was in
writing, as that will be presumed until the contrary ap-
pears. *If the agreement is denied, the plaintiff must produce
legal evidence of its existence.*" This case is a leading one
in that state, and upon its authority it has always been
held there that it is sufficient as a matter of pleading to
deny the contract. (See *Ontario Bank* v. *Root*, 3 Paige,
*481; *Coles* v. *Bowne*, 10 Paige, 535; *Champlin* v. *Parish*,
11 Paige, 408; *Harriss* v. *Knickerbacker*, 5 Wend. 638,
344; *Botts* v. *Cozine*, 1 Hoff. Ch. 89; *Duffy* v. *Donovan*, 46
N. Y. 226.)

The case of *Bommer* v. *A. S. H. M. Co.*, 81 N. Y. 471,
is not at all in conflict with the foregoing. In that case
Rapallo, J., said, in reply to an argument upon the stat-
ute of frauds: "There is no exception in the case raising
any question under the statute of frauds. The statute is
not pleaded, nor was there any objection to the proof of
the agreement sued upon, by oral testimony, nor is there
any exception to any finding or conclusion which pre-
sents any question under the statute. No such question
can, therefore, be considered on this appeal." This is
merely the statement of the very obvious proposition
that the record on appeal must show *in some way* that a
question as to the statute of frauds is involved in the

case. And the implication is, that this might be shown in any of the ways mentioned. Nor have we seen any New York case which is in conflict with the rule that a denial of the contract is sufficient to raise the question of the statute of frauds.

This rule is applied by the supreme court of the United States, not only at law, as appears from the cases above cited, but even in equity. (See *May* v. *Sloan*, 101 U. S. 237.) And it is so applied in many of the state courts. (See *Wiswell* v. *Teft*, 5 Kan. 266; *Whiting* v. *Gould*, 2 Wis. 593, 594; *Patten* v. *Rucker*, 29 Tex. 411; *Walker* v. *Hill*, 21 N. J. Eq. 203; *Billingslea* v. *Ward*, 33 Md. 51; *Semmes* v. *Worthington*, 34 Md. 317; *Hocker* v. *Gentry*, 3 Met. (Ky.) 474; *Brown* v. *East*, 5 T. B. Mon. *48; *Wynn* v. *Garland*, 19 Ark. 34; 68 Am. Dec. 190; *Prag* v. *Sandifer*, 5 Rich. Eq. 180; *Hook* v. *Turner*, 22 Mo. 333; *Rowton* v. *Rowton*, 1 Hen. & M. 91; *Bonham* v. *Craig*, 80 N. C. 228.) And in some of the states which maintain the contrary doctrine it is admitted that the prevailing rule in this country is that a denial is sufficient. (See *Battell* v. *Matol*, 58 Vt. 285.)

In California, two cases on the subject have been called to our attention. In *Osborne* v. *Endicott*, 6 Cal. 153, 65 Am. Dec. 498, one of the objections to establishing a parol trust as to the real property was that there was no writing. The court held that the trust was a resulting trust, and therefore not within the statute, but said in addition that the point as to the statute was not good "because the statute of frauds is not pleaded." That was all that was said on the subject. No reason was given for the remark of the court, and no authorities were referred to. This case was referred to in *Broder* v. *Conklin*, 77 Cal. 336, but in such a manner as to show that no reliance was placed upon it.

In *Burt* v. *Wilson*, 28 Cal. 638, 87 Am. Dec. 142, an amended complaint to establish a trust alleged, as a reason why the trust should be established, that in the

answer first filed (which had been withdrawn) the trust was admitted. The court replied, as well it might, that the position was not tenable "for a number of reasons"; and the reason which it selected from among the number was, that there was no admission, because it was not alleged that said answer did not contain a plea of the statute of frauds, which it might have done. It is hardly necessary to say that this does not conflict with the proposition that if the defendant *denies* the contract he need not plead the statute specially. In the subsequent case of *Wakefield* v. *Greenhood*, 29 Cal. 599, 600, the court stated the rule to be as follows: "If the contract stated in the declaration or bill in equity *was denied*, it was incumbent upon plaintiff or complainant to prove by legal evidence its existence, and this could be done only by the production of proof of the execution and contents of the written agreement, or some note or memorandum thereof executed according to the provisions of the statute of frauds." (And compare *Patten* v. *Hicks*, 43 Cal. 509.)

We think it clear upon principle that under our statute of frauds and system of pleading it is sufficient to deny the contract without referring to the statute. The old chancery idea that the statute must be specially pleaded grew out of and is based upon the assumption that a parol contract within the statute had some kind of validity. And one of the objects of the pleadings in chancery being for the discovery of evidence, we can readily see how the doctrine arose. But our statute declares, not merely that no action shall be maintained upon contracts within its operation, but that they are "invalid:" A parol contract within such a statute is void. (*Dung* v. *Parker*, 52 N. Y. 496, 497; *Dunphy* v. *Ryan*, 116 U. S. 495; *Welch* v. *Whepley*, 62 Mich. 15; *Raub* v. *Smith*, 61 Mich. 543.) And to require the defendant to show affirmatively the invalidity of the plain-

tiff's contract would be out of harmony with the general rules of pleading and practice.

It may be that it would simplify matters if the plaintiff were required to state in his complaint whether he relies upon a writing or not. For then the question could always be raised at a preliminary stage of the case. But it has been decided that this is not required. (*Wakefield* v. *Greenhood,* 29 Cal. 599.) And since this is so, and the question may be adjourned to a subsequent stage of the proceedings, we do not see why the burden of allegation should be thrown upon the defendant when the thing is an essential element of the plaintiff's case.

Furthermore, under our system the pleader is to allege facts only, avoiding matters of evidence on the one hand and matters of law on the other; and when he states a fact once, either affirmatively or negatively, it is sufficient for that pleading. (*Green* v. *Palmer,* 15 Cal. 417.) Therefore, when the plaintiff alleges a contract which is either stated or presumed to be in writing, it is sufficient for the defendant to deny such contract. Having denied it, he is not required to state affirmatively that it was not in writing, or to refer in his answer to the law which makes it invalid. If the statute of limitations constitutes an exception to the rule that matters of law must not be pleaded, it is only an exception to a general rule. But it is quite a different matter. It is not an element of the plaintiff's case. Nor does it render the contract void. (*McCormick* v. *Brown,* 36 Cal. 184; 95 Am. Dec. 170; *Grant* v. *Burr,* 54 Cal. 300.) And the statutory mode of pleading it is simply a short way of averring the time of the transaction.

If the rule that the statute must be specially pleaded is to prevail in this state because it prevailed in the English court of chancery, then, to be consistent, we should say that for the same reason pleadings here should be of matters of evidence to the extent that was proper there. To our minds, the rule of the common

law which prevails in the majority of American courts, even in equity, is the true one.

The bill of exceptions was in time. The other matters do not require special notice.

We therefore advise that the judgment and order denying a new trial be reversed, and the cause remanded for a new trial.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded for a new trial.

Hearing in Bank denied.