## WALRATH et al. v. ROBERTS.

Circuit Court of Appeals, Ninth Circuit.
December 5, 1927.

Rehearing Denied January 9, 1928.

No. 5226.

1. Trusts ⊂⇒63¾—No resulting trust arises in favor of grantor contrary to terms of deed.

In the absence of fraud, recitals in a deed are conclusive on grantor, and no resulting trust can be raised in his favor in opposition to the express terms of the conveyance.

2. Judgment ⊂⇒585(1)—Judgment does not bar causes separate and distinct.

A judgment or decree is not a bar to a subsequent suit, where the causes of action are separate and distinct.

Appeal from the District Court of the United States for the Northern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Suit in equity by Clara Walrath and others against Willis H. Roberts. Decree for defendant, and complainants appeal. Affirmed.

See, also, 12 F.(2d) 443.

W. H. Metson and E. B. Mering, both of San Francisco, Cal., for appellants.

Robert T. Devlin, William H. Devlin, and Devlin & Devlin, all of Sacramento, Cal., for appellee.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. On August 13, 1909, Minerva H. Roberts and Willis H. Roberts entered into a written agreement wherein and whereby, for value received, the latter covenanted and agreed to devote and apply his best energies, judgment, and ability during the lifetime of the former, to the advantageous and successful handling and management of certain properties, business interests, choses in action, and other beneficial interests that day transferred and conveyed by Minerva H. Roberts to Willis H. Roberts, subject to the right of the grantee, as owner of the properties, to collect upon or to sell and convert into money, and to exercise all rights of ownership of and over any and all of such properties at such times and in such manner and upon such terms as in his judgment should seem best. It was further agreed that the grantee should keep true and correct accounts of all business matters, render a statement to the grantor semiannually, showing the true state of the accounts at the date thereof, and pay to the grantor during her lifetime one-half of the net profits arising from the ownership and management of the properties so transferred and conveyed. The agreement further provided that the grantee should within one year after the death of the grantor, out of the net proceeds of the properties, pay to Flora Taylor, Emma Fitch, Clara Walrath, and Dr. James Walrath the sum of $5,000 each, and should make certain other payments not deemed material here. The foregoing agreement and the transfers and conveyances therein referred to were executed prior to the settlement and distribution of the estate of the deceased husband of Minerva H. Roberts, and on October 10, 1910, after distribution, transfers, and conveyances for further assurance, and a second agreement of like tenor were executed.

August 16, 1917, a supplementary agreement was entered into by the same parties, in settlement of certain litigation then pending between them, wherein they attempted to release and discharge the grantee from the obligation to make the payments to Flora Taylor and others, as above set forth. Minerva H. Roberts died testate November 13, 1918, and Willis H. Roberts having failed to make the payments provided for in the agreements of August 13, 1909, and October 10, 1910, within one year after her death, suit was brought in the court below by Flora Taylor, Emma Fitch, Clara Walrath, and Raymond L. Walrath, as successor in interest to Dr. James Walrath, to recover the sum of $5,000 each, as provided in the collateral agreements above referred to. In that suit a decree was entered in favor of the plaintiffs for the several amounts claimed, and the decree was affirmed by this court on appeal. Roberts v. Taylor (C. C. A.) 300 F. 257. Thereafter the present suit was commenced in the same court by the assignees of a half interest in the residuary estate of Minerva H. Roberts to recover the half interest so assigned, the plaintiffs claiming that under the conveyances and transfers from Minerva H. Roberts to Willis H. Roberts, and the collateral agreements connected therewith, there was a resulting trust in favor of the grantor and her residuary legatee. Upon the final hearing, the complaint was dismissed and the plaintiffs have appealed.

[1] The conveyances under which the appellee claims are not in the record, but it is not claimed that they contain anything that would give rise to a resulting trust in favor of the grantor. Even if they were executed without consideration they would have no such effect. "A deed by the owner of land, duly signed and acknowledged by him and

delivered to the grantee, conveying the land to the latter in fee simple, is one of the most solemn of civil acts. It is not a thing to be played with, or reclaimed at pleasure, as a hawk in falconry. It is not void on account of either want or failure of consideration; nor does want or failure of consideration raise a resulting trust." Tillaux v. Tillaux, 115 Cal. 663–667, 47 P. 691, 692. On the other hand, if there was a consideration in fact, or if there was even an acknowledgment of the receipt of a nominal consideration in the deeds, there was no resulting trust. "It is not improper to notice a statement made on the argument of the case in reference to the contents of the conveyance, though the record itself is silent upon the subject. It was stated that the conveyance did not express the consideration for which it was given, but acknowledged the payment of a nominal consideration in money. This is an important matter, and, if left open, may embarrass the action of the court below, and become the basis of a second appeal. If the statement was correct, parol evidence was inadmissible to establish the trust, and the plaintiff, though entitled to a reversal, must eventually fail to obtain the relief which he asks. 'This distinction,' says Story, 'is to be observed in cases where a consideration, although purely nominal, is stated in the deed. If no uses are declared, the grantee will take the whole use; and there will be no resulting use for the grantor; because the payment, even of a nominal consideration, shows an intent that the grantee shall have some use, and no other being specified, he must take the whole use.' 2 Story's Eq. § 1199. The doctrine of resulting uses and trusts is founded upon a mere implication of law, and in general this implication cannot be indulged in favor of the grantor, where it is inconsistent with the presumptions arising from the deed. Unless there is some evidence of fraud or mistake, the recitals in the deed are conclusive upon the grantor, and no resulting trust can be raised in his favor in opposition to the express terms of the conveyance." Russ v. Mebius, 16 Cal. 350. See, also, Feeney v. Howard, 79 Cal. 525–530, 21 P. 984, 4 L. R. A. 826, 12 Am. St. Rep. 162; Pomeroy's Equity (4th Ed.) §§ 1035, 1036.

Nor can it be said that the conveyances were without consideration as a matter of fact because the deeds and other instruments of conveyance were the consideration for the collateral agreements, and vice versa.

Let us now turn to the collateral agreements themselves. If these create or recognize any trust in favor of the grantor it would seem that the trust is express and not implied, but aside from this the agreements not only fail to recognize or establish any trust, resulting or otherwise, in favor of the grantor, but they expressly repel any inference that any such trust was intended. For aside from the provision of the agreements, to which reference has already been made, that the handling and management of the property was subject to the right of the grantee as owner to collect upon or to sell and convert into money and to exercise all the rights of ownership of and over any and all of such properties at such times and in such manner and upon such terms as in his judgment should seem best, the agreements contain this further provision:

"It is understood and agreed that no duty herein imposed affects or impairs, or shall affect or impair, the absolute title or ownership of any property, property right or beneficial interest this day conveyed to me by said Minerva H. Roberts, or which may hereafter be conveyed by her to me, or which may come to me by or under her last will and testament, but all such titles and ownership are and shall be deemed and held to be titles and ownership absolute in me, the net proceeds only of such properties and interests to be applied to the payment of said sums and amounts last above mentioned."

For these reasons there is no basis for the claim that a trust resulted to the grantor or her residuary legatee because of anything contained in or lacking from either the instruments of conveyance or the collateral agreements.

[2] The principal contention of the appellants seems to be that the former decree is res adjudicata here.

"A former judgment is not a bar to a subsequent action between the same parties if the subject matter involved in the two actions is not identical, although it may conclude the parties as to the issues actually litigated and determined. But identity of the subject matter is not alone a sufficient test. The true requirement is that the causes of action in the two suits shall be the same. Undoubtedly the subject matter involved in the two actions must be the same, for otherwise there could not be an identity of the causes of action; but the same transaction or state of facts may give rise to distinct or successive causes of action and a judgment upon one will not bar a suit upon another. Therefore a judgment in a former suit, although between the same parties and relating to the same subject matter, is

not a bar to a subsequent action, when the cause of action is not the same." 34 C. J. 811.

"Where the causes of action are separate and distinct, the judgment in the first action is conclusive only as to matters actually in issue and adjudicated. Subject to the rule just stated, it is held that rights, claims, or demands of the parties growing out of the same subject matter, but which were not put in issue or adjudicated in the former action, are not barred by the judgment therein. And a fortiori a judgment is not a bar to the litigation of any demand or cause of action which, from the nature of the case, the form of the action, or the character of the pleadings, could not have been adjudicated in the former suit." Id. 823.

"Where a deed, lease, or contract contains several covenants or undertakings, which are distinct and independent and have no connection with each other except that they all relate to the same general subject matter, the recovery of a judgment for a breach of one of them will not bar an action for a breach of another." Id. 847.

In these two cases there is no identity of subject-matter and the identity of parties is the result of mere accident or design, because any person was at liberty to take an assignment in whole or in part from the residuary legatee. The question of a resulting trust in favor of the grantor or her successors in interest was not in issue in the former case and was not decided. Indeed, it could not have been properly decided because the parties in interest were not before the court. In any suit or proceeding to establish a resulting trust in the properties in question, the grantor and the grantee or their successors in interest would be necessary and indispensable parties, and had the court in the former case attempted to decide that there was no resulting trust, the decision would not be binding upon the residuary legatee because she was not before the court. On the other hand, had the court decided that there was a resulting trust, the decision would not bind the appellee because every estoppel must be mutual, and, if one party is not bound, the other is not. But, as already stated, the question of a resulting trust was neither in issue nor decided in the former case.

Error is assigned in the admission of parol testimony on the part of the appellee, but, inasmuch as the appellants failed in their proof, the admission of such testimony could not constitute prejudicial error.

The decree of the court below is affirmed.