LOUIS MIRANTI AND PEARL MIRANTI, APPELLANTS, *v.* ADVANCE MANAGEMENT CORPORATION, A NEVADA CORPORATION, WENDELL TOBLER, GOLDA S. TOBLER AND LEAVITT, FELGAR & BRIARE INSURANCE AGENCY, RESPONDENTS.

No. 6510

February 7, 1972                    493 P.2d 707

*Gordon L. Hawkins,* of Las Vegas, for Appellants.

*Lionel Sawyer Collins & Wartman,* of Las Vegas, for Respondents.

# OPINION

By the Court, GUINAN, D. J.:

This is an appeal from an order granting summary judgment in favor of respondents.

Appellants, Louis and Pearl Miranti, husband and wife, hereinafter referred to as the Mirantis, were the owners of real property in Clark County, Nevada. They were engaged in the construction business through two corporations which they controlled. United Bonding Insurance Company, an Indiana Corporation, wrote bonds in connection with construction projects undertaken by the Mirantis and, on April 6, 1966, the Mirantis entered an indemnity agreement with the bonding company.

On October 10, 1967, the Mirantis executed a grant, bargain and sale deed to the bonding company of property owned by them. The property was encumbered by a first deed of trust securing a note in an amount in excess of $300,000. The deed was intended to secure the obligations of the Mirantis under the indemnity agreement and contained the following language:

"The real property conveyed herein is for the purpose of securing payments required to be made pursuant to a certain indemnity agreement of the grantee herein."

An agreement between the Mirantis and the bonding company executed on the same date as the grant, bargain and sale deed contained the following language in regard to the paragraph quoted above:

"It is understood by the parties thereto that such paragraph is intended to provide that in the event the real property described therein is subsequently sold for more than the indebtedness against the same and the payments made on behalf of Nevcon, Inc., and Miranti Construction Company, that any excess thereof shall be paid to Louis and Pearl Miranti; and

"It is further understood and agreed that in the event that Louis Miranti obtains a sale for said property in excess of said amounts, the United Bonding Insurance Company will co-operate to consummate said transactions."

On November 14, 1967, the Mirantis executed a quitclaim deed to the bonding company of all their right, title and interest

in the same property. The bonding company sold the property, and the respondents were the record owners thereof at the time this action was commenced.

The Mirantis sought two types of relief. They prayed for an accounting from the bonding company and its agent for monies received and expended by them on behalf of the Mirantis in connection with the construction contracts. That aspect of the case is not before us on this appeal. They also sought reconveyance of the property to the bonding company, and the respondents were joined as defendants for that purpose only.

As we construe the grant, bargain and sale deed, the bonding company had the right to sell the property at any time, subject only to the right of the Mirantis to have the proceeds applied in accordance with the indemnity agreement. Their action for an accounting is pending in the district court. Even if this construction were incorrect, the quitclaim deed transferred any interest in the property which the Mirantis might have retained. Brophy M. Co. v. B. & D. M. Co., 15 Nev. 101 (1880).

Appellants contend that there was no consideration for either deed. The deeds were given pursuant to the obligations of the Mirantis under the indemnity agreement, and no further consideration was necessary. Furthermore, in the absence of fraud, undue influence or mistake, appellants are estopped to deny lack of consideration for the deeds for the purpose of defeating their operation, and parol evidence of lack of consideration would not have been admissible at the trial for that purpose. Dalton v. Dalton, 14 Nev. 419 (1880), Feeney v. Howard, 21 P. 984 (Cal. 1889), Russell v. Robbins, 93 N.E. 324 (Ill. 1910). There is no allegation of fraud, undue influence or mistake in the complaint.

The order of the district court granting respondents' motion for summary judgment is affirmed.

ZENOFF, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.