[L. A. No. 16184. In Bank.—March 30, 1940.]

CHARLES B. PENDLETON, Respondent, v. P. L. FERGU-SON et al., Appellants.

Arthur F. Larrabee, Randall & Bartlett and Kenneth W. Kearney for Appellants.

Ben F. Griffith and Malcolm Archbald for Respondent.

CARTER, J.—By this action plaintiff sought to quiet his title as against the defendants to five certain letters patent issued to plaintiff by the government of the United States and particularly described in the complaint.. Judgment was entered in favor of the plaintiff granting the relief prayed for against all of the defendants. This appeal is prosecuted by defendants Ferguson and Automatic Deep Well Pump Company, who claim an interest in three of said letters patent based upon an agreement entered into between plaintiff and defendant Ferguson on May 15, 1924, which agreement was assigned to defendant Automatic Deep Well Pump Company on October 20, 1928. Said agreement recites that plaintiff is the owner of the mechanical devices for which patents have been issued to plaintiff and that defendant Ferguson desires to buy the exclusive right to manufacture, use, lease, sell and distribute the pumps covered by the patents in the State of California and Mexico. It was therein agreed that in con-

sideration of the sum of twenty-five thousand ($25,000) dollars paid in cash and on time by defendant Ferguson, and for other considerations, the plaintiff sells and assigns to defendant Ferguson the exclusive right to lease, manufacture, use, sell and distribute said pumps in California and Mexico, and defendant purchases such rights from plaintiff, subject to the terms of the agreement. The terms of the purchase are that defendant agrees to pay a royalty of fifteen (15%) per cent; to have the word "PATENTED" stamped on the pumps; that defendant has the right to institute and maintain in his own name suits for accounting at his own expense and that the expense of litigation against infringers should be equally borne by the parties to the agreement. Said agreement further provides that defendant shall keep books of account, open to inspection of plaintiff, and shall deliver statements on the dates when royalties are payable; that the parties agree to cooperate in the manufacture, sale, use and rental of the pumps; that defendant Ferguson shall have the right to assign any part or all of his rights under the agreement, and agrees to notify plaintiff within fifteen (15) days after the consummation of any such assignment, and that the royalties due under the agreement shall be paid to any person upon the order of plaintiff.

The execution of this agreement was admitted by plaintiff, but he claims that it was not the intention of the parties to convey thereby any title or portion thereof to any of the patents; that said agreement was abandoned by mutual consent of the parties and that said agreement was canceled and terminated by plaintiff prior to the assignment by defendant Ferguson to Automatic Deep Well Pump Company.

The trial court found that plaintiff was the owner of the patents described in the complaint; that plaintiff and defendant Ferguson entered into the agreement of May 15, 1924, and that said agreement had been assigned by defendant Ferguson to defendant Automatic Deep Well Pump Company. The trial court also found that defendants Ferguson and Pump Company had not done or performed the things on their part to be performed under said agreement and that neither of said defendants had any rights under said agreement. The court then found:

"That the allegations contained in Paragraphs II, III, V, and VII of the answer of defendants P. L. Ferguson and

the Automatic Deep Well Pump Company are true, but the Court finds from the evidence that it was not the intention of the parties to any of the instruments mentioned in said paragraphs (Agreement of May 15, 1924, and assignment thereof to Automatic Deep Well Pump Company) to convey any title or portion thereof to any of the patents described in the complaint herein, and the Court further finds that whatever rights were vested in defendants P. L. Ferguson and the Automatic Deep Well Pump Company by the instruments described in said paragraphs were wholly and completely abandoned by the mutual and voluntary consent of all the parties to said instruments and considered of no force or effect by all of said parties at all times after October 21, 1928. The Court further finds that the instrument set forth in Paragraph II of the answer of P. L. Ferguson and the Automatic Deep Well Pump Company was cancelled and terminated by plaintiff prior to the alleged assignment thereof to the defendant Automatic Deep Well Pump Company.''

The judgment decreed that plaintiff is the sole, absolute and exclusive owner of the letters patent described in the complaint, including the sole and exclusive right to manufacture, sell, use and distribute the property described in said patents; that none of the defendants has any right, title or interest in any of said patents, property or property rights and that said defendants are permanently restrained and enjoined from claiming any right, title or interest therein.

In presenting their appeal to this court from the judgment, the appealing defendants contend that the finding hereinabove quoted is contradictory; that said finding is not supported by any evidence and that the trial court had no jurisdiction over the subject-matter of the action.

We do not deem it necessary to consider the contention of the defendants that the above-quoted finding is contradictory for the reason that we are satisfied from a very careful perusal of the record that the evidence is insufficient to support said finding and that the judgment of the trial court must be reversed on this ground.

The agreement of May 15, 1924, between plaintiff and defendant Ferguson provides in part:

''The party of the first part hereby sells and assigns to party of the second part exclusive right to manufacture, lease, use, sell and distribute the aforesaid pumps in the

State of California and Mexico, and party of the second part hereby purchases from party of the first part the exclusive rights to manufacture, lease, use, sell and distribute all of said pumps and improvements thereon in the State of California and Mexico, subject to the provisions and stipulations of this agreement.

"FIRST: Party of the second part agrees to pay party of the first part a royalty equal to fifteen (15%) percent of all charges made and received by party of the second part from the proceeds of the sale, use, rental, installation or any other disposition made of each pump hereinbefore described by party of the second part. Said royalty to be paid quarterly and a separate accounting to be made of royalties payable on each pump hereinbefore described."

We will first give consideration to that portion of the above-quoted finding of the trial court that it was not the intention of the parties to said agreement of May 15, 1924, to convey any title or portion thereof to any of the patents described in the complaint herein.

In determining whether or not this portion of said finding is supported by the evidence, our attention is first directed to the agreement in question. It is well settled that if the agreement is not ambiguous on its face, we must ascertain the intention of the parties by reference to the agreement itself.

There appears to be no ambiguity or uncertainty on the face of the agreement. It states in clear, plain and simple language an intention to convey from plaintiff to defendant Ferguson the exclusive right to lease, manufacture, use, sell and distribute the pumps covered by the patents therein described in the State of California and Mexico, subject to the provisions of said agreement.

A patent granted by the United States confers upon the patentee three exclusive rights. They are: the right "to make", the right "to use", and the right "to vend" the patented article. (U. S. Comp. Stats. 1916, sec. 9428, Rev. Stats., sec. 4884.) These are the incidents of ownership of a patent and they may be granted or conferred separately. (*Adams* v. *Burke,* 17 Wall. (U. S.) 453, 456 [21 L. Ed. 700]; *Braun, Bryant & Austin* v. *McGuire,* 201 Cal. 134 [255 Pac. 808].) By said agreement, plaintiff conveyed and assigned to defendant Ferguson all that plaintiff had to grant

in said letters patent so far as the State of California and Mexico were concerned. Such being the case, it is obvious that the finding that there was no intention to convey the title or any portion thereof to the patents described in the complaint must fall in face of 'the clear and unambiguous language of the agreement.

The only testimony claimed by plaintiff as indicating any intention on the part of defendant Ferguson to consent to the termination of said agreement appears in the testimony of the plaintiff, where, in testifying to a conversation with defendant Ferguson in regard to the terms of a subsequent agreement, the question arose as to whether or not such agreement should cover only territory outside of California, and plaintiff stated that he wouldn't in any way or under any circumstances recognize defendant Ferguson's 1924 contract of California, and defendant Ferguson replied, "Have it your way."

Several other agreements were entered into between the plaintiff and defendant Ferguson and Automatic Deep Well Pump Company involving the same patents covered by the agreement of May 15, 1924, the first of which was entered into on August 22, 1928, and the last on January 14, 1931, but all of these agreements covered territory in addition to California and Mexico, and in none of them was any reference made to the agreement of May 15, 1924, nor was any provision made therein for the cancellation or termination of said agreement.

On page 13 of respondent's brief, counsel state:

"Ferguson testified that the contract with Pendleton and the Pump Company was cancelled by mutual consent of all parties (Rep. Tr., p. 79, l. 10 to p. 82, l. 9)." We have carefully examined the transcript reference and find that the contract mentioned in the testimony was plaintiff's exhibit 8, which was an agreement dated October 31, 1928, between plaintiff, defendant Thayer, and Automatic Deep Well Pump Company, and no reference was made therein to the agreement of May 15, 1924. From our examination of the record, we are unable to find any evidence from which an inference can be drawn that there was any intention on the part of either defendant Ferguson or Automatic Deep Well Pump Company to abandon or terminate the agreement of May 15, 1924. On the contrary, the assignment of

said agreement to Automatic Deep Well Pump Company on October 20, 1928, and the recording of said assignment with the United States patent office on January 25, 1932, would negative any such intention. It is our conclusion, therefore, that the finding of the trial court that said agreement was wholly and completely abandoned by the mutual and voluntary consent of all the parties and considered of no force or effect by all of said parties at all times after October 21, 1928, is not supported by the evidence.

█ The agreement contains no provision for its termination or forfeiture for nonperformance of any of its terms and no instrument in writing was ever executed by defendant Ferguson or Automatic Deep Well Pump Company, which could be construed as evidencing an intention on their part to cancel, abandon or otherwise terminate said agreement.

However, on October 26, 1926, plaintiff wrote a letter to defendant Ferguson in which he stated:

"You are hereby notified of the cancellation and termination of agreements made by myself and the Automatic Pump Company and myself and P. L. Ferguson, dated May 15, 1924, covering the manufacture, lease, use, sale and distribution of automatic fluid pressure displacement pumps covered by patent numbers 1368528—1473512—1523709."

Defendant Ferguson ignored said letter and refused to recognize plaintiff's right to cancel or terminate said agreement.

While the letter written by plaintiff to defendant Ferguson on October 26, 1926, might be considered as a notice of the intention of plaintiff to cancel and terminate said agreement, such notice was of no force or effect for the reason that the agreement of May 15, 1924, contained no provision authorizing its cancellation or termination upon notice by either party thereto, and therefore the mere giving of such notice did not constitute a cancellation or termination of said agreement.

The letter above mentioned is the only basis upon which plaintiff predicates his contention that the agreement of May 15, 1924, was canceled and it was evidently the basis of the finding of the trial court to that effect. We therefore hold that the finding of the trial court that the agreement of May 15, 1924, was canceled and terminated by plaintiff prior to the alleged assignment thereof to the defendant Automatic

Deep Well Pump Company is not supported by the evidence.
The due execution of the agreement of May 15, 1924, between plaintiff and defendant Ferguson being admitted, and no evidence having been offered to establish the termination of said agreement, and it not having by its terms expired, it is still in full force and effect, and the finding of the trial court to the contrary must be set aside and the judgment based thereon must be reversed.

Appellants contend that the trial court had no jurisdiction to hear or determine this action, but we cannot agree with this contention.

A review of the authorities convinces us that the issues raised by the pleadings in this action bring the case clearly within the jurisdiction of the courts of this state.

It appears to be the settled rule that while the federal courts have exclusive jurisdiction of all cases arising under the patent laws, such jurisdiction does not extend to all questions in which a patent may be the subject-matter of the controversy, for courts of a state may try questions of title, and may construe and enforce contracts relating to patents.

As we understand the issues in this case, they simply involve a contract relating to the title to certain patents. A determination of whether or not the relief prayed for should be granted must be arrived at by the application of rules and principles of equity cognizable in the courts of this state and in no degree whatever upon any act of congress concerning patent rights.

In the case of *Luckett* v. *Delpark, Inc.*, 270 U. S. 496 [46 Sup. Ct. 397, 70 L. Ed. 703], the late Chief Justice Taft, in an exhaustive opinion reviewed the cases on this subject and quoted with approval the rule announced by Chief Justice Taney in the case of *Wilson* v. *Sandford*, 10 How. 99 [13 L. Ed. 344], which appears to be directly in point in the case at bar. In the case of *Luckett* v. *Delpark, Inc., supra,* Chief Justice Taft said:

''In *Wilson* v. *Sandford, supra,* a bill in equity was filed in a federal circuit court setting forth complainant's ownership of a patent, an assignment to defendants of a license in consideration of five promissory notes, with a condition of reversion to complainant on failure to pay any note. The bill averred that the first two notes were not paid, insisted that the license was forfeited by the failure and the licensor

was fully reinvested at law and in equity with all his original rights, that the defendants were using the patented machine and were infringing the patent, prayed an account of profits since forfeiture, a temporary and permanent injunction, and a reinvestiture of title in the complainant. On demurrer, the bill was dismissed for lack of jurisdiction as not arising under the patent laws. Chief Justice Taney, speaking for the Court, said:

" 'The rights of the parties depend altogether upon common law and equity principles. The object of the bill is to have the contract set aside and declared to be forfeited; and the prayer is, "that the appellant's reinvestiture of title to the license granted to the appellees, by reason of the forfeiture of the contract, may be sanctioned by the Court", and for an injunction. But the injunction he asks for is in consequence of the decree of the Court sanctioning the forfeiture. He alleges no ground for an injunction unless the contract is set aside. And if the case made in the bill was a fit one for relief in equity, it is very clear that whether the contract ought to be declared forfeited or not, in a court of chancery, depended altogether upon rules and principles of equity, and in no degree whatever upon any act of Congress concerning patent rights.' "

The judgment of the trial court is reversed.

Curtis, J., Shenk, J., Gibson, J., and Waste, C. J., concurred.

Houser, J., dissented.

A rehearing was denied on April 29, 1940, and the following opinion then rendered thereon:

THE COURT.—Respondent has petitioned for a rehearing or a modification of our decision to the extent of affirming the judgment of the superior court quieting respondent's title to two of the five patents which are the subject of this action. The two patents referred to are No. 1837669, issued December 22, 1931, and No. 1872801, issued August 23, 1932. Neither of these patents is mentioned in the agreement of May 15, 1924, under which agreement defendants Ferguson and Automatic Deep Well Pump Company claim to have acquired the rights asserted by them to the remaining

328

three patents. Said agreement, however, granted to defendant Ferguson the exclusive right to manufacture, lease, use, sell and distribute all pumps *and improvements thereon* in the State of California and Mexico covered by the patents mentioned in said agreement.

No issue was raised at the trial nor on this appeal as to whether the patents issued on December 22, 1931, and August 23, 1932, respectively, covered improvements on said pumps, and therefore passed to defendants Ferguson and Automatic Deep Well Pump Company under the terms of the agreement of May 15, 1924, and the record in this case is insufficient to enable us to pass on this issue.

We did not purport to pass upon this issue in our decision, and in the event of a retrial of this case it will be within the province of the trial court to determine the same. Respondent's petition for a rehearing or modification of our decision is therefore denied.