[Civ. No. 14257.  First Dist., Div. Two.  Sept. 28, 1950.]

PEYTON S. GRADDON et al., Plaintiffs and Appellants, v. RALPH C. KNIGHT et al., Defendants and Appellants; THE ANGLO SAFE DEPOSIT COMPANY et al., Interveners and Appellants.

Henry C. Clausen and John H. Machado for Plaintiffs and Appellants.

Crist & Stafford and John M. Donegan for Defendants and Appellants.

Chickering & Gregory, Frederick M. Fisk, Howe & Finch and Nathan M. Finch for Interveners and Appellants.

DOOLING, J.—In June 1949 the plaintiffs Graddon, husband and wife, desiring to construct a residence procured for that purpose a so-called G.I. loan from the intervener, The Anglo California National Bank, hereinafter called the bank. To secure the loan the plaintiffs executed a deed of trust with intervener, Anglo Safe Deposit Company, named as trustee. The Graddons entered into a contract with defendant Knight for the construction of such residence. When the residence was largely completed it was destroyed by fire.

The Graddons filed a complaint against Knight and certain of his employees charging that the fire was caused by the negligence of, and violation of a county ordinance by, Knight's employees. Knight filed a cross-complaint against the Graddons charging a breach of the Graddons' contract with Knight to keep the building insured against loss by fire during construction payable to Knight as his interest might appear.

The bank and its trustee filed a complaint in intervention in which they sought a recovery against Knight and his employees for the damages suffered by them, based on similar allegations of negligence and violation of ordinance to those in the Graddons' complaint. The Graddons and Knight each filed cross-complaints against the interveners counting on their alleged duty under the deed of trust to procure and maintain fire insurance on the uncompleted building for the

protection of the interests of the Graddons as parties to the deed of trust and of Knight as a third party beneficiary. Finally the interveners cross-complained against the Graddons alleging their substitution of a cost plus contract with Knight without the knowledge or consent of the interveners for the flat price contract upon which the loan was based.

Upon this complicated set of pleadings the case was tried before a jury resulting in verdicts and judgments in favor of the Graddons and Knight on their cross-complaints against the bank for money judgments based on the bank's failure to procure and maintain fire insurance; a verdict and judgment in favor of defendants Knight and his employees against the plaintiffs Graddon on the Graddons' complaint; a verdict and judgment in favor of cross-defendants Graddon on Knight's cross-complaint against them; and a verdict and judgment in favor of Knight and the Graddons on the bank's cross-complaint against them. No verdict or judgment was returned or entered expressly adjudicating the bank's original complaint in intervention.

The Graddons appeal from the judgment against them and in favor of Knight and his employees on the Graddons' complaint, and the interveners appeal generally from all of the judgments.

We shall first consider the

### Money Judgments Against the Bank

■ The deed of trust was executed on a printed form in use by the bank. Paragraph Third of the printed deed of trust provides:

"The Trustor (the Graddons) agrees at all times during the continuation of these trusts to keep the buildings and improvements . . . on said property, insured against loss or damage by fire . . . to the amount of their full insurable value (or less in the discretion of Beneficiary) . . . with loss made payable to Beneficiary. . . ."

A Paragraph Twenty-third was added in typewriting reading in part:

"This deed of trust . . . is made in accordance with and subject to the provisions of the Servicemen's Readjustment Act of 1944, as amended in 1945, and the Rules and Regulations of the Administrator of Veterans' Affairs issued pursuant thereto. . . ."

Section 36.4326 of Regulations, Administrator (of Veterans' Affairs), Feb. 27, 1946 (5 Code of Fed. Reg. 5953 (Supp. 1946)) provides:

"*Hazard Insurance.* The holder shall require insurance policies to be procured and maintained in an amount sufficient to protect the security against the risks or hazards to which it may be subjected to the extent customary in the locality. All monies received under such policies covering payment of insured losses shall be applied to restoration of the security or to the loan balance."

Pursuant to, and in explanation of, this regulation the Veterans Administration issued a bulletin or notice reading: "The obligation upon the lender . . . to see that insurance in sufficient amount and types to protect the security against risks and hazards to the extent customary in the locality is procured and maintained, is clearly set forth in Section 36.4326."

It was proved that it was customary in the locality to procure and maintain fire insurance on a building under construction, and it was the claim of the Graddons and Knight that by Paragraph Twenty-third read in connection with section 36.4326 of the regulations above quoted the contract duty was assumed by the bank to procure and maintain such insurance.

The court, on the theory that Paragraph Third under which the Graddons agreed to keep the building insured against fire was inconsistent with Paragraph Twenty-third which incorporated section 36.4326 of the regulations thereby creating an ambiguity, allowed oral testimony to aid in the construction of those provisions. It is the theory of the Graddons and Knight that, at least in the light of this oral testimony, the jury was entitled to find that the bank had assumed the obligation itself to procure and maintain fire insurance on the building. At the request of Knight the jury was instructed:

"If you find that the bank and Graddon executed a deed of trust and that this deed of trust provided that the bank was to procure insurance against loss by fire . . . and that the bank and Graddon expressly intended and agreed in the deed of trust that the insurance . . . was to be for the benefit of Graddon and the contractor Knight, and that the bank and Graddon did not rescind the deed of trust . . . and if you find that the bank did not procure or maintain insurance against loss by fire : . . . then cross-complainant Knight is entitled to recover against the bank. . . ."

Thus the Graddons and Knight both relied on the theory that under the deed of trust the bank had bound itself to the

Graddons that the bank would procure and maintain such insurance and that the failure to do so was a breach of its contract with the Graddons.

We agree with the bank that under the plain and unambiguous terms of the deed of trust the Graddons assumed the duty to procure and maintain such insurance and the bank did not promise the Graddons that the bank would itself procure or maintain it.

Under Paragraph Third the Graddons clearly and unequivocally agreed that the Graddons were ''to keep the buildings and improvements . . . insured against loss or damage by fire. . . .'' Under section 36.4326: ''The holder shall *require* insurance policies to be procured and maintained. . . .'' ''Require'' is a transitive verb meaning ''To demand; to claim as by right and authority; to exact'' and its synonyms are ''claim, necessitate, ask, enjoin, compel, force.'' (Webster's New Internat. Dict., 2d ed., Unabridged.)

If the regulation had provided that ''the holder shall procure and maintain insurance'' the plain duty of the bank would be to secure the insurance itself, but the regulation does not so provide. The verb ''require'' is satisfied by action directed to another and clearly permits the bank to ''require'' the Graddons to carry the insurance. This is exactly what the deed of trust in plain, direct and unambiguous language does.

■ A fully integrated, unambiguous and certain written agreement may not be varied by parol evidence. (Civ. Code, §§ 1625, 1638, 1639; Code Civ. Proc., § 1856; *Pendleton* v. *Ferguson*, 15 Cal.2d 319, 323 [101 P.2d 81, 688]; *Estate of Gaines*, 15 Cal.2d 255, 264-265 [100 P.2d 1055]; *Brant* v. *California Dairies, Inc.*, 4 Cal.2d 128, 133-134 [48 P.2d 13].)

It may be that the deed of trust could be reformed if it did not truly express the intention of the parties, but here there were no allegations of fact to support a decree of reformation nor any attempt to invoke the equity powers of the court to reform the instrument. The parties saw fit to stand on the deed of trust as written and as written the deed of trust does not support the recovery by the Graddons and Knight against the bank.

The Graddons attempt in support of the judgment to invoke an estoppel against the bank. No estoppel was pleaded nor was the question of estoppel presented to the jury by any instruction. The claim that the bank might be held liable on the theory of negligence was also neither pleaded nor pre-

sented to the jury. ▇▇ It is axiomatic that a party cannot try his case on one theory and on appeal shift to another theory which was neither presented to the jury nor considered by it in deciding the case. (*Ernst* v. *Searle*, 218 Cal. 233, 240-241 [22 P.2d 715]; *Mathews* v. *Pacific Mut. Life Ins. Co.*, 47 Cal.App.2d 424, 428 [118 P.2d 10]; 2 Cal.Jur. 237.)

*The Judgment in Favor of Knight and His Employees Absolving Them of Responsibility for the Fire*

The jury verdict was in favor of Knight and his employees on the Graddons' complaint. The Graddons for a reversal argue: 1. that Knight and his employees violated a fire ordinance of Santa Clara County and sections 13000 and 13001 of the Health and Safety Code which proximately caused the fire; 2. that the circumstances of the fire made a case of res ipsa loquitur which imposed upon defendants the burden of showing their freedom from fault which they failed to do.

▇▇ Both arguments are subject to the same vice and so may be considered together. Appellants Graddon assume that the jury was bound as a matter of law to find that fire started and left burning by Knight's employees proximately caused the burning of the building. Under the evidence we are satisfied that the question of proximate cause was one of fact for the jury.

The fire occurred in December. Knight's employees, who were working inside the house, lighted a fire in the living room fireplace for warmth. They also had a fire outside the house for burning rubbish. About 4:15 or 4:20 p. m., according to the testimony of one of Knight's employees, he took all of the ashes and live coals out of the fireplace and dumped them on the fire outside. The fire outside was not completely extinguished. There may have been "very few, a little" live coals in the outside fire. A witness who lived across the street testified that after the workmen left she saw through the living room window "quite a small blaze" in the living room fireplace. Another witness testified that at about 6 p. m. she looked into the living room window and saw no sign of any fire. There was also evidence that the fire probably originated in the den and not in the living room. The outside fire was from 18 to 22 feet from the carport, which was not burned, and 72 feet from the den where the fire apparently originated. The weather was wet and foggy and there were puddles between the site of the outside fire

and the house. A wind up to 8 miles per hour was blowing in a northwesterly direction, not from the site of the outside fire toward the house.

Under these facts the jury were entitled to find: 1. that no fire was left burning inside the house, and 2. that the few live coals left in the yard 72 feet from the apparent point of origin of the fire did not cause the fire in the house. Where the evidence will reasonably support the inferences of the jury an appellate court cannot interfere. (*Powell* v. *Pacific Electric Railway Co.*, 35 Cal.2d 40 [216 P.2d 448]; *Moran* v. *Board of Medical Examiners*, 32 Cal.2d 301, 308 [196 P.2d 20]; *Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427, 429 [45 P.2d 183]; 2 Cal.Jur. 934.) It follows that the judgment in favor of Knight and his employees on the complaint of the Graddons must be affirmed.

There was no express verdict finding on the issue between the interveners and Knight and his employees on the interveners' complaint in intervention against Knight and employees charging their tort liability for the burning of the building. The interveners argue that this issue has not been adjudicated and that they are accordingly entitled to have it retried. (*Irelan-Yuba etc. Min. Co.* v. *Pacific G. & E. Co.*, 18 Cal.2d 557, 570-571 [116 P.2d 611]; *Portman* v. *Keegan*, 31 Cal.App.2d 30, 34 [87 P.2d 400].)

On the oral argument and by letter dated July 13, 1950 counsel for Knight and his employees have (quoting from the letter) "conceded the Bank to be entitled to a new trial of those particular issues." On this point we need therefore say nothing further.

The money judgments in favor of the Graddons and Knight against the bank are reversed. The parties should be allowed to amend their pleadings if they see fit in the light of this opinion. The issues presented by the complaint in intervention against Knight and his employees should be retried. In all other respects the judgments are affirmed. Interveners are entitled to costs on their appeal against the Graddons and Knight. Knight and employees are entitled to costs against the Graddons on the Graddons' appeal. (See *Baldie* v. *Bank of America*, 97 Cal.App.2d 614 [217 P.2d 1011].)

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied October 28, 1950.