[Civ. No. 26698.   Second Dist., Div. Three.   Oct. 24, 1963.]

FOUNDERS' INSURANCE COMPANY, Plaintiff and Appellant, v. LANCO DEVELOPMENT CORPORATION et al., Defendants and Respondents.

Anderson, McPharlin & Conners and Luther L. Jensen for Plaintiff and Appellant.

Lawrence A. Weinreb for Defendants and Respondents.

NOURSE, J. pro tem.*—This is an action on an agreement of indemnity executed by respondents Sayan under which they indemnified appellant against loss on a performance bond executed by it. This faithful performance bond recited that Lanco Development Corporation, hereinafter called Lanco,

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

had entered into a written contract with North American Aviation, Inc., hereinafter called North American, "for the construction of a semi-public pool in North American Employees Park-Valley, spec. No. 2084." Under this bond appellant became surety in the sum of $12,604.87 for the performance by Lanco of a contract stated to have been entered into by it with North American, the obligee named in the bond.[1]

The indemnity agreement sued upon recited that appellant had been requested to execute on behalf of Lanco a $12,604.87 *Performance* bond to North American Aviation, Inc. for construction of semi-public swimming pool at 8500 Fallbrook avenue, Canoga Park, Calif. executed June 11, 1959." (Italics added.)

The evidence established that Lanco had not entered into any contract with North American but had entered into a contract for the construction of a swimming pool on the property referred to in the bond and the indemnity agreement with the owner of that property, North American Aid, a corporation, hereinafter called Aid, the stock of which was held by North American and an association of its employees.

Respondents did not see the construction contract or the bond until after the commencement of this action.

Lanco did not complete its contract and was declared in default. At the time of its default Lanco had received from Aid all but $5,088.44 of the total contract price[2] and there were then outstanding claims of labor and materialmen in the sum of $7,758.39.

Upon Lanco's default respondents on the demand of appellant took over the work and completed the pool. They were not then advised that no contract existed between Lanco and North American. Respondents refused to pay any part of the outstanding claims of labor and materialmen. Appellant received from Aid the balance of the contract price and paid the outstanding labor and material claims and brought this action to recover the excess of those claims over the balance

---

[1] The instrument of suretyship contained two undertakings, the first to North American conditioned upon the *faithful performance* by Lanco of the construction contract, and the second to all laborers and materialmen for the payment to them by Lanco for labor or material furnished to Lanco on the work under the contract. The indemnity agreement refers only to the first undertaking.

[2] The construction contract was modified so as to require certain extra work and the contract price was increased from $12,604.87 to $15,298.42.

of the contract price together with attorneys' fees incurred by it.

The trial court found that North American had no interest in the construction contract or in the property upon which the pool was constructed and had suffered no loss by reason of the default of Lanco and that appellant was not obligated to North American under its performance bond.

Appellant by its complaint did not seek reformation of the indemnity agreement nor did it plead any facts which would have entitled it to reformation. Appellant's only contention on this appeal is that the trial court should have construed the indemnity agreement as if it had been reformed to recite that the construction contract was between Aid and Lanco thus substituting Aid as obligee under the bond. This contention is lacking in merit. Neither fraud nor mistake was pleaded and while a mistake on the part of appellant in naming North American as the obligee of the performance bond and as the contracting owner named in the indemnity agreement may be inferred, there was no evidence that respondents intended to indemnify appellant against its obligation on any undertaking other than that described in the instrument or that they knew appellant had made a mistake or that Lanco had contracted with anyone other than North American.

There is no ambiguity in the contract and the court may not, under the guise of construing the contract, substitute for respondents' obligation to indemnify appellant on the bond written an obligation to indemnify it on an undertaking it now asserts it intended to execute. There being no ambiguity the intention of the parties must be ascertained from the words of the contract. (*Pendleton* v. *Ferguson*, 15 Cal.2d 319, 323 [101 P.2d 81, 688]; *Tanner* v. *Title Ins. & Trust Co.*, 20 Cal.2d 814, 824 [129 P.2d 383]; *Brant* v. *California Dairies, Inc.*, 4 Cal.2d 128, 133 [48 P.2d 13].)

The judgment is affirmed.

Shinn, P. J., and Files, J., concurred.