[Civ. No. 597.   Fifth Dist.   Mar. 17, 1966.]

BEN GOODWIN et al., Plaintiffs, Cross-defendants and Appellants, v. JOSEPH P. WOLPE et al., Defendants, Cross-complainants and Respondents.

David N. M. Berk and Maxwell J. Wihnyk for Plaintiffs, Cross-defendants and Appellants.

Harry B. Cannon and Thurman Arnold, Jr., for Defendants, Cross-complainants and Respondents.

CONLEY, P. J.—Plaintiffs filed a complaint for damages based upon express fraud. (Civ. Code, §§ 1572, 3294.) The complaint alleged that the defendants, Wolpe, Volpe and Reed, owned a business consisting of the Club Caravan bar and hotel located in a building in Indio, and that defendant, Paul Krampe, was the agent and broker of the defendant-sellers of the business (in accordance with a request contained in plaintiffs' pretrial statement, an amendment to paragraph IV of the complaint was later made to the effect that Krampe was agent for both the sellers and the buyers) ; that before the sale, and to induce plaintiffs to purchase the business including stock, fixtures, lease and good will, and with intent to deceive and defraud the plaintiffs, all of the defendants fraudulently represented to plaintiffs that there were "no violations or conditions" against the building wherein the business was situated; that before the sale each of the defendants had knowledge of "violations and conditions" against the building and that condemnation proceedings were contemplated by the Indio city officials; that the plaintiffs relied upon these representations, paid the full price asked and performed all conditions required of them; that defendants Wolpe, Volpe and Reed transferred title of the property to plaintiffs, and plaintiffs took possession and began operating their business; that as the defendants knew, the representations which had been made by them were false and the building in question was about to be condemned at the time of the sale on the ground that it was unsafe for human occupancy, and that except for these representations, plaintiffs would not have purchased the property; that on December 20, 1960, the building was in fact condemned and plaintiffs were forced to abandon the premises and were deprived of their business; that for these reasons plaintiffs have been damaged. Plaintiffs

further alleged they have offered to return to the defendants, Wolpe, Volpe and Reed, everything of value received by them if the defendants will make a corresponding return; that the defendants have not done so; that in the event defendants should be able to act accordingly, plaintiffs still offer to return everything of value received from defendants in exchange for all that plaintiffs gave defendants. Plaintiffs prayed for $100,000 damages and for $25,000 exemplary damages and costs of suit.

The defendants, Wolpe, Volpe and Reed, cross-complained alleging that on January 5, 1960, the Goodwins made and delivered to them a promissory note for $10,000 agreeing to pay that total sum, besides interest, by February 16, 1961, in installments of $500 or more on the 15th of each month, commencing March 15, 1960; that no interest or principal was paid except $5,075.62 and there was due $4,924.38, plus 6 percent interest from January 15, 1961; that cross-defendants became obligated by the note to pay attorneys' fees if suit were instituted; and that $750 is a reasonable attorneys' fee.

After several days of trial by the judge, sitting without a jury, defendants were awarded a judgment that plaintiffs take nothing by their complaint, and that cross-complainants should recover $6,029.18 as principal and interest on the note, $750 attorneys' fees, and costs. The court found that Paul Krampe did not represent prior to the sale or at all that there were "no violations or conditions against the building" and that none of the defendants were guilty of fraud; the court further found that prior to the sale defendants had no knowledge of any "violations" against the building, that no condemnation proceedings were contemplated by Indio officials at the time of the sale and that defendants did not conceal or fail to disclose any fact which they were under a duty to disclose.

In the pretrial order it is stated that $31,250 in cash was paid on the note by plaintiffs out of a total specified consideration of $41,250; that all payments were made according to the requirements of the note up to January 15, 1961, and there remains an unpaid balance of $4,924.38 together with interest from the date of the last payment on the obligation.

At the outset, it is essential to inquire whether or not the appellants are able legally to argue the chief point which they urge on the appeal. Their present contention is characterized by a shifting of position; originally, plaintiffs sued on a

theory of outright fraud consisting of alleged representations made by or on behalf of all of the defendants as to the character of the building involved in the sale of the business. The plaintiffs allege in their complaint that the defendant Paul Krampe was at all times acting as the agent and broker for the sellers, Joseph P. Wolpe, George A. Volpe and Charles T. Reed, and that the defendants "falsely and fraudulently represented to the Plaintiffs that there were no violations or conditions against the building located at 45-333 Jackson Street, wherein the Defendants' business was situated." There was no hint of constructive fraud. At the time of the pretrial order, the plaintiffs received permission to amend their complaint to allege that Mr. Krampe was the representative and agent of both parties prior to and at the time of the sale. But this latter position was completely abandoned, as is stated by the record, prior to the submission of the case. The reporter's transcript shows that the following took place in this respect: "MR. BERK: Your Honor, in the interests of expediting things, we will withdraw the contention that Mr. Krampe was the agent of both parties. We don't think the proofs substantiate the fact Mr. Krampe was the agent of the buyer, excepting for a limited purpose only of his being the agent in taking them to see Mr. Cologne.

"MR. ROSENBERG: Your Honor, I appreciate the offer of counsel at this point, but I think he is fired by his own petard, having at one time insisted they shall amend the pleadings to read 'and buyers.'

"MR. RICHMAN: Your Honor, we can withdraw any position at any time. We concede no evidence here to sustain our prior contention there was any agency on the part of Mr. Krampe, insofar as the plaintiffs are concerned, except with the limited exception.

"MR. BERK: Indicated.

"MR. ROSENBERG: Your Honor, we are not willing to ask for a stipulation.

"MR. RICHMAN: We are not asking for a stipulation. We are abandoning that position because we feel we have maintained our purpose.

"MR. ROSENBERG: Your Honor, the plaintiffs have rested without any plea to come in with motion to strike.

"MR. BERK: Your Honor, we don't have to do that, because the intention was Pre-Trial.

"THE COURT: I think they can abandon the stipulation if they don't think it shows something."

While there was thus a complete abandonment, in the trial court prior to the decision of the case, of the contention that Mr. Krampe was an agent of the plaintiffs, the appeal is based on a theory that Krampe was the agent for both parties to the transaction and that, consequently, there arose a confidential relationship between him and the plaintiffs, which made it essential that he communicate to them anything that he may have heard or learned as to factors which would discourage the sale of the business to them. (*Saporta* v. *Barbagelata,* 220 Cal.App.2d 463, 474-475 [33 Cal.Rptr. 661]; *Spaziani* v. *Millar,* 215 Cal.App.2d 667, 684 [30 Cal.Rptr. 658]; *Darrow* v. *Robert A. Klein & Co., Inc.,* 111 Cal.App. 310, 316 [295 P. 566]; *Estate of Arbuckle,* 98 Cal.App.2d 562, 568 [220 P.2d 950, 23 A.L.R.2d 372]; *Anderson* v. *Thacher,* 76 Cal.App.2d 50, 68 [172 P.2d 533].) The trial court found against them on their theory of actual or express fraud and they now seek to revive their abandoned contention that Krampe represented both plaintiffs and defendants and that as a representative of the plaintiffs he owed a duty to them originating in confidential relations, the alleged violation of which constituted constructive fraud. ▇ In order to be successful on a claim that Krampe was a fiduciary who owed them the duty to communicate any fact which reflected against the sale, it would be necessary to prove that he was at that time an agent for the plaintiffs. In other words, there has been a complete turnabout by plaintiffs as between their contentions at the trial and on the appeal.

In the case of *Crocker-Anglo Nat. Bank* v. *Kuchman,* 224 Cal.App.2d 490, 494 [36 Cal.Rptr. 806], it is pointed out: ''By the clear language of section 1573 there must be a 'breach of duty' to give rise to constructive fraud. This duty must be one created by a confidential relationship, for section 1573 of the Civil Code states 'the rule applicable in confidential relations. It has never been applied to fix liability for the breach of a statutory duty except that of a fiduciary. . . .' (*Mary Pickford Co.* v. *Bayly Bros., Inc.,* 12 Cal.2d 501, 525 [86 P.2d 102].) '[I]t is essential to the operation of this principle that there be a fiduciary relation. It is one of the facts constituting the fraud.' (*Feeney* v. *Howard,* 79 Cal. 525, 529 [21 P. 984, 12 Am.Rep. 162, 4 L.R.A. 826]. . . .)''

▇ This change of position cannot be approved or accepted by this court. As is said in *Kantlehner* v. *Bisceglia,* 102 Cal.App.2d 1, 6 [226 P.2d 636]: ''Counsel may not so conduct themselves in the trial of a case as to lead . . . [the finder of

fact] to proceed upon one theory and then seek to abandon that theory upon appeal and adopt another one.'' (See also *Graddon* v. *Knight,* 99 Cal.App.2d 700, 705 [222 P.2d 329]; *Ernst* v. *Searle,* 218 Cal. 233, 240-241 [22 P.2d 715]; *Mathews* v. *Pacific Mutual Life Ins. Co.,* 47 Cal.App.2d 424, 428 [118 P.2d 10]; *Walpole* v. *Prefab Mfg. Co.,* 103 Cal.App.2d 472, 481 [230 P.2d 36]; 3 Cal.Jur.2d, Appeal and Error, § 140, p. 604, § 142, pp. 607-609.)

The appellants do not contend on the appeal that there was error in connection with the findings that the sellers and their agent were not guilty of express fraud. It is perhaps due to the fact that counsel are conscious that most of the issues in the extensive record, including this one, are supported by evidence which is in conflict and that, therefore, the conclusions reached by the trial judge are substantiated in the record. For example, in support of the court's findings, there is evidence that none of the Indio city officials charged with the inspection of buildings had actually investigated the structure prior to the sale, and that, although the building was condemned some nine months afterwards, there was no showing that at that time the building was even under the threat of a condemnation. There is also evidence on behalf of the defendants that they did not know of any condemnation, actual or threatened, and that they did not make any positive representations which were false.

Another difficulty faced by appellants in this case is that there was no proper proof of damages. Under section 3343 of the Civil Code, the measure of damages in a fraud case is ''. . . the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction.'' The complaint in the case alleges: ''That . . . , the Plaintiffs have been damaged in the amount of $100,000.00.''

Request in the prayer is also made for $25,000 as exemplary damages. (See also *Corbett* v. *Otts,* 205 Cal.App.2d 78, 85 [22 Cal.Rptr. 849]; *McNeill* v. *Bredberg,* 192 Cal.App.2d 458, 468-470 [13 Cal.Rptr. 580]; *Crawford* v. *Nastos,* 182 Cal.App.2d 659 [6 Cal.Rptr. 425]; *Rothstein* v. *Janss Investment Corp.,* 45 Cal.App.2d 64, 73 [113 P.2d 465]; *Bagdasarian* v. *Gragnon,* 31 Cal.2d 744 [192 P.2d 935].)

There was no proof of the actual value of the whole or any part of the business sold, and, therefore, no ground for the award of general damages. No special damages were

pleaded. As to exemplary damages, there could be no recovery unless there was ground to recover actual, substantial damages. (*Birch Ranch & Oil Co.* v. *Campbell,* 43 Cal.App.2d 624, 628 [111 P.2d 445]; *Sasser* v. *Miles & Sons Trucking Service,* 119 Cal.App.2d 239, 243 [259 P.2d 488]; *Clark* v. *McClurg,* 215 Cal. 279, 282 [4 P.2d 149, 9 P.2d 505, 81 A.L.R. 908]; Civ. Code, § 3294.) It is, therefore, apparent that there was no proper proof to permit a recovery for fraud.

The judgment is affirmed.

Brown (R.M.), J., and Stone, J., concurred.