[Civ. No. 36450. Second Dist., Div. One. Nov. 9, 1970.]

PAUL J. BEZAIRE, Plaintiff and Appellant, v.
FIDELITY AND DEPOSIT COMPANY OF MARYLAND,
Defendant and Respondent.

**COUNSEL**

Neil S. Bezaire for Plaintiff and Appellant.

Maurice H. Wallbert for Defendant and Respondent.

## OPINION

GUSTAFSON, J.—In a prior action in the municipal court, plaintiff sought to recover $1,145.41 for labor and services rendered. A writ of attachment was issued against two defendants, one a corporation and one a partnership, each bearing the name of Computer Graphics, and assets of the defendants were seized. Those assets were released when the defendant in this action (Fidelity and Deposit Company of Maryland, hereinafter referred to as the surety) provided the attaching officer with an undertaking pursuant to section 540 of the Code of Civil Procedure. Plaintiff ultimately recovered judgment in the amount of $1,145.43 against the two defendants whose assets were attached, levied execution against those defendants which was returned unsatisfied, made demand upon the surety for payment of the judgment pursuant to the undertaking and filed this action when the demand was refused.

Three purported causes of action were embodied in the complaint against the surety. The first, for declaratory relief, is of no moment in this appeal. The second was for payment of the judgment pursuant to the undertaking. The third was for damages for fraud. It sought recovery of $1,147.43 (the amount of the judgment which the surety had undertaken to pay), $1,000 for attorney fees for bringing the instant action and $100,000 for punitive damages.

Plaintiff obtained summary judgment against the surety on the second cause of action. At the same time, judgment was entered on the third cause of action in favor of the surety. This was the result of the court's having previously stricken the entire third cause of action on motion of the surety. Plaintiff appeals from the judgment entered with respect to his third cause of action.

Preliminarily we note that the surety defends the judgment from which the appeal is taken on the ground that the third cause of action did not state a cause of action. The surety's motion to strike was not made on that ground and the surety did not interpose a general demurrer. ■ A general demurrer, not a motion to strike, is the appropriate method of attacking the sufficiency of a pleading. (*White Lighting Co.* v. *Wolfson* (1968) 68 Cal.2d 336 [66 Cal.Rptr. 697, 438 P.2d 345].) On the other hand, plaintiff did not in the trial court, and does not here, claim that there are any additional matters which he would have alleged if given the opportunity to do so. In fact he states to us "that the court's action in effect was tantamount to sustaining a general demurrer without leave to amend." We therefore overlook the procedural irregularity and consider the matter as though judgment had been entered for the surety after plaintiff failed to amend upon the sustaining of a demurrer to his third cause of action.

■ Punitive damages, even in a fraud action, cannot be recovered unless there are "actual, substantial damages." (*Goodwin* v. *Wolpe* (1966) 240 Cal.App.2d 874 [50 Cal.Rptr. 55].) ■ Attorney fees incurred by a plaintiff in bringing a fraud action are not recoverable. (Code Civ. Proc., § 1021; *Heffernan* v. *Bennett & Armour* (1952) 110 Cal.App.2d 564 [243 P.2d 846]; *Williams* v. *Williams* (1922) 57 Cal.App. 36 [206 P. 650].) Thus the only item of alleged damage which would support a cause of action for fraud (which would then permit the recovery of punitive damages, but not attorney fees) is the failure of the surety to pay the judgment.

■ Plaintiff alleged that the fraud of the surety consisted of the false statement in the undertaking that the surety would pay when obligated to do so. Plaintiff relies upon section 1572 of the Civil Code which characterizes a promise made without any intention of performing it as an actual fraud if "committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract." That reliance is misplaced because there was no contract between plaintiff and the surety. ■ While the undertaking is a statutory obligation in favor of plaintiff, it does not follow that plaintiff is a party to the undertaking in a contractual sense. ■ On the other hand, the surety's false promise (Civ. Code, § 1710), if made with the intent to induce plaintiff to alter his position to his injury or risk, renders the surety liable to the plaintiff if plaintiff relied thereon to his detriment. (Civ. Code, § 1709.)

■ Plaintiff alleged that the surety's promise was made "to induce plaintiff from taking any further steps to secure any Judgment he might obtain" and that in reliance upon the false promise "plaintiff took no further action to secure any Judgment he might obtain." There is nothing in the complaint which indicates what plaintiff might have done to "secure" any judgment he might obtain or to put himself in a better position had he known the falsity of the surety's promise. ■ In his briefs before this court, plaintiff says only that he "would not have accepted and relied upon" the surety's undertaking if he had known the truth. But plaintiff did not "accept" the undertaking. The attaching officer was required to release the attached property when the undertaking was given. (Code Civ. Proc., § 540; *Kanouse* v. *Brand* (1909) 11 Cal.App. 669 [106 P. 120].) ■ The undertaking was by a corporate surety (Code Civ. Proc., § 1056) and challenge of the sufficiency of the surety may not be made upon the ground that the surety has no intent to pay the plaintiff when the plaintiff obtains judgment and levies an execution which is returned unsatisfied. (Code Civ. Proc., § 1057a.)

 A fraudulent misrepresentation is not actionable unless plaintiff's conduct on reliance thereon caused the loss for which plaintiff seeks damages. (Rest., Torts, § 546.) In the case at bench, the alleged loss of $1,147.43 was not the result of plaintiff's having acted, or having failed to act, in reliance on the surety's false promise. The causative factor is missing since, as far as we are aware, plaintiff could have done nothing to improve his position had he known initially that the surety did not intend to pay pursuant to the undertaking the moment plaintiff met the conditions precedent to the obligation of the surety to pay.

It is obvious from his briefs that plaintiff is annoyed by the fact that had no undertaking been given, plaintiff could have executed upon the attached property without the necessity of filing a new lawsuit, but because the undertaking was given, plaintiff is in a worse position in that to enforce the undertaking he was required to sue the surety. What plaintiff fails to recognize is that the undertaking is not simply the substitution of an obligation of the surety for the property which was attached. (*Passow & Sons* v. *United States Fid. & Guar. Co.* (1918) 177 Cal. 31 [170 P. 1124].) When judgment is obtained against a defendant whose property was attached and subsequently released from attachment by the giving of an undertaking, the defendant remains primarily liable and it is only when the plaintiff is unable to collect from the defendant that plaintiff may sue the surety. (Code Civ. Proc., § 552.) If this procedure is unfair in compelling the plaintiff to incur additional attorney fees for the suit against the surety, this is a matter which should be called to the attention of the Legislature, not this court.

The judgment is affirmed.

Lillie, Acting P. J., and Thompson, J., concurred.

A petition for a rehearing was denied December 7, 1970, and appellant's petition for a hearing by the Supreme Court was denied January 6, 1971.